**John Lewis BRANHAM, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 2–96–225–CV.

Court of Appeals of Texas, Fort Worth.

June 19, 1997.

Publication Ordered Aug. 11, 1997.

2. The cost of the interlock device is about $2.00 per day.

R. Lee Pierson, Pierson & Tosh, P.L.L.C., Fort Worth, for Appellant.

John C. West, Jr., Chief of Legal Services, Texas Department of Public Safety, Shannon M. Fitzpatrick, Assistant General, Counsel, Texas Department of Public Safety, Janette Lorie Ansolabehere, Texas Department of. Public Safety, Tim Curry, District Attorney, Phyllis Waldrep Cranz, Assistant District Attorney, for Appellee.

Before DAY, BRIGHAM and HOLMAN, JJ.

## OPINION

DAY, Justice.

The Texas Department of Public Safety (DPS), appellee, suspended appellant John Lewis Branham's driver's license for 60 days because he was arrested for driving while intoxicated (DWI). During the hearing, Branham objected to admission of Branham's intoxilyzer test results because the DPS had not provided him with the maintenance records of the intoxilyzer machine that he had requested under section 159.13 of the Texas Administrative Code. *See* 1 TEX. AD-MIN. CODE § 159.13(2) (West 1997) (State Office of Administrative Hearings, Administrative License Suspension Hearings). The administrative law judge suspended Branham's driver's license. Branham appealed to the county court at law. The county court at law affirmed the administrative court's decision.

Branham appeals from the county court at law and raises three points of error. In his first two points of error, he complains that the county court erred by affirming the administrative law judge's decision to admit the intoxilyzer test results and the breath test technical supervisor's affidavit because the DPS failed to comply with Branham's timely request for production of the maintenance records. In his third point of error, he argues that the county court erred by setting aside an order staying the suspension of his driver's license pending his appeal. Because we hold that Branham has waived any error regarding his first two points of error and that the Texas Transportation Code prohibits any further stay pending appeal, we affirm the judgment of the trial court. *See* TEX. TRANSP. CODE ANN. § 524.042(b) (Vernon Pamph.1997).

FACTS

When Branham was arrested for DWI, he submitted to breath testing on an Intoxilyzer 5000 machine. The results indicated breath alcohol concentrations of 0.141 and 0.139. Branham requested an administrative hearing under chapter 159 of the Texas Administrative Code. After receiving notification of the hearing setting, he filed a request for production of documents requesting the maintenance records of the intoxilyzer machine under section 159.13(2) of the Texas Administrative Code, which provides that such records shall be provided within five days of a proper request. Approximately 30 days later, he received notification that the DPS did not have the records but that they were available at the Tarrant County Medical Examiner's Office. Branham did not file a motion to compel discovery, nor did he subpoena the documents from the Tarrant County Medical Examiner's office. The hearing was held five days later.

At the hearing, Branham objected when the DPS attempted to introduce the intoxilyzer test results and the breath test technical supervisor's affidavit. The administrative law judge offered Branham time to secure the records. But Branham refused and demanded that the judge exclude the test results and the affidavit as a sanction for the DPS's noncompliance with the rules. The administrative law judge suspended Branham's license for 60 days. He appealed to the county court at law which affirmed the administrative court's decision.

Pending this appeal, Branham filed a motion for reasonable bond pending appeal. The county court set bond and stayed the suspension of Branham's driver's license under rule 47 of the Texas Rules of Appellate Procedure. The DPS filed a motion to set aside the stay of suspension arguing that such a stay was prohibited by section 524.042 of the Texas Transportation Code. The county court granted the DPS's motion and set aside the stay of suspension. Branham's license was suspended, he served his suspension, and he paid his reinstatement fee.

DISCOVERY SANCTIONS

In his first two points of error, Branham argues that the administrative law judge should have excluded the intoxilyzer results and the breath test technical supervisor's affidavit as a sanction for the DPS's failure to comply with his discovery request. Chapter 524 of the Texas Transportation Code provides that when a driver is arrested for DWI, that driver's license is automatically suspended unless a hearing to contest the charge is requested. *See* TEX. TRANSP. CODE ANN. § 524.032(d) (Vernon Pamph.1997). These hearings are conducted by administrative law judges employed by the State Office of Administrative Hearings. *See id.* § 524.033. The statute does not address discovery matters or particular items that either party must produce to prove their case. However, the State Office of Administrative Hearings has drafted administrative rules that provide for discovery:

> The scope of prehearing discovery in these proceedings is as follows:
>
> (1) A defendant shall be allowed to review, inspect and obtain copies of any non-privileged documents or records contained in the department's file or possession at any time prior to the hearing. If defendant submits a written request accompanied by an amount sufficient to pay for copying charges, (the department shall promptly notify defendant of the copying charges due), the department shall furnish copies of such documents or records to the defendant within five days of receipt of the request. Any request for production of documents or records not in the department's possession shall be denied by the Judge. Any document or record that has not been made available by the department to the defendant pursuant to the request shall not be introduced into evidence by the department.
>
> (2) If a request for maintenance and/or repair records for the instrument used to test the defendant's specimen is made by the defendant, the department shall supply such records to the defendant within five days of receipt of the request, provided however that the records to be provided shall be for the period covering 30 days prior to the test date and 30 days following the test date.

1 TEX. ADMIN. CODE ANN. § 159.13(1)–(2).

The administrative code imposes the sanction that after a proper request for docu-

ments in the DPS's file, documents not provided may not be introduced into evidence. *See id.* § 159.13(1). However, it provides no express sanction for the DPS's failure to comply with a proper request for the maintenance records under part two. *See id.* § 159.13(2). Fundamentally, Branham wants us to read the two provisions together and impose the sanction set forth in part one for failure to comply with part two, yet he does not want the limitations that the records be in the department's possession and that he pay costs incorporated into part two. *See id.* § 159.13(1)–(2).

⬛ This is basically a pretrial discovery dispute. A failure to get a pretrial ruling on discovery disputes that exist before trial constitutes a waiver of any claim for sanctions based on that conduct. *See Remington Arms Co. v. Caldwell,* 850 S.W.2d 167, 170 (Tex.1993). Only if pretrial discovery abuse is not revealed until after trial has begun can the party seeking sanctions be said not to have waived a claim for sanctions. *See id.*

⬛ In this case, Branham did not file a motion to compel and get a ruling nor did he try to subpoena the records. Moreover, he refused the administrative court's offer to stay the hearing pending his obtaining and reviewing the requested records. Plainly, Branham's primary motive was not obtaining the intoxilyzer machine's maintenance records to determine the machine's reliability, but was excluding his intoxilyzer test results. We hold that Branham has waived any claim for sanctions by failing to file a pretrial motion to compel and get a ruling. Accordingly, we overrule points of error one and two.

### STAY PENDING APPEAL

⬛ In his third point of error, Branham complains that the county court erred by setting aside an order staying the suspension of his driver's license pending his appeal, thus violating Texas Rule of Appellate Procedure 47. Rule 47 allows suspension of a judgment pending appeal if the appellant properly executes a bond. *See* TEX.R.APP. P. 47. However, section 524.042(b) of the Texas Transportation Code expressly limits such a stay to 90 days:

A stay under this section is effective for not more than 90 days after the date the appeal petition is filed. On the expiration of the stay, the department shall impose the suspension. The department or court may not grant an extension of the stay or an additional stay.

TEX. TRANSP. CODE ANN. § 524.042(b).

A statute apparently conflicting with rule 47 will control under the plain language of the rule. *See* TEX.R.APP. P. 47. The rule limits its own application by its own language. It opens with the phrase "[u]nless otherwise provided by law or these rules." TEX.R.APP. P. 47(a). The Texas Transportation Code provides otherwise, by law: "A stay under this section is effective for not more than 90 days after the date the appeal petition is filed." TEX. TRANSP. CODE ANN. § 524.042(b).

Accordingly, we overrule point of error three and affirm the judgment of the trial court.