Gregory Wayne **RAESNER**, Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 01–97–01276–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 9, 1998.

abolish the City's liability under the Act, we do not reach the Moruas' alternative arguments.

Logene Foster, Austin, for Appellants.

Stacey Suzette Zipp, Houston, for Appellees.

Before O'CONNOR, TAFT, and SMITH,[1] JJ.

## OPINION

JACKSON B. SMITH, Jr., Justice.

This is an appeal from a judgment in a suit for judicial review of an administrative revocation of a driver's license.

Gregory Wayne Raesner, appellant, was arrested on July 11, 1997, by Michael L. Hubenak, a peace officer with the Department of Public Safety (DPS), for driving while intoxicated (DWI). Officer Hubenak took Raesner to the Fort Bend County Sheriff's Office, where he administered the statutory DWI warnings. Hubenak asked Raesner to submit to a breath test, but Raesner refused. Raesner signed the DWI statutory warnings indicating he refused to give a breath specimen. Raesner was served with a notice of suspension of his driver's license.

Raesner requested an administrative hearing to contest his driver's license suspension. On July 17, 1997, Raesner requested from the Director of Hearings copies of "any and all affidavits and other documents" that DPS intended to introduce into evidence. The Department received this request on July 21, 1997. In a letter dated July 24, 1997, DPS objected to Raesner's request on the ground that it was overly broad and vague. Without waiving these objections, DPS further stated that it was gathering the requested documents and that, when it was "in possession" of them, it would forward them to Raesner.

On July 29, 1997, Raesner received copies of Officer Hubenak's sworn offense reports. At the administrative hearing, which was

held on August 19, 1997, Raesner objected to the admission of Hubenak's reports as exhibits on the ground that he did not receive them within five days after his request for production. The administrative law judge admitted the exhibits and suspended Raesner's driver's license for 90 days. Raesner filed a suit for judicial review of the administrative decision with the county court, and that court affirmed the administrative decision.

The provisions of chapter 724 of the Texas Transportation Code apply to the suspension of a license for refusal to submit to the taking of a specimen. TEX. TRANSP. CODE ANN. § 724.002 (Vernon Pamph.1998). Section 724.047 provides that chapter 524 of the Texas Transportation Code governs an appeal from an action of DPS following an administrative hearing. TEX. TRANSP. CODE ANN. § 724.047 (Vernon Pamph.1998). Section 524.002(b) of the Texas Transportation Code provides that the Administrative Procedures Act (APA), TEX. GOV'T CODE ANN. ch. 2001 (Vernon Pamph.1998), applies to a proceeding under chapter 524 to the extent it is consistent with chapter 524. TEX. TRANSP. CODE ANN. § 524.002(b) (Vernon Pamph. 1998). Under the APA, a trial court may reverse an agency determination only if the substantive rights of the appellant have been prejudiced because the administrative findings are "in violation of a constitutional or statutory provision," "in excess of the agency's statutory authority," are "made through unlawful procedure," are "affected by other error of law," are "not reasonably supported by substantial evidence," or are "arbitrary or capricious." TEX. GOV'T CODE ANN. § 2001.174(2) (Vernon Pamph. 1998).

◼ Each of these grounds for reversal presents a question of law. *Texas Dep't of Pub. Safety v. Valdez*, 956 S.W.2d 767, 769 (Tex.App.—San Antonio 1997, no pet.). We exercise *de novo* review over questions of law in an APA appeal. *Id.*

In his sole point of error, Raesner contends that because DPS did not produce the

---

1. Justice Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

documents, which he requested, within five days after DPS received his request, these documents should not have been admitted at the administrative hearing. Raesner relies on section 159.13 of the Rules of Procedure for Administrative License Suspension Hearings, which provides, in relevant part:

> The scope of prehearing discovery in these procedures is as follows:
>
> (1) A defendant shall be allowed to review, inspect and obtain copies of any non-privileged documents or records contained in the department's file or possession at any time prior to the hearing. If defendant submits a written request accompanied by an amount sufficient to pay for copying charges, ... the department shall furnish copies of such documents or records to the defendant within five days of receipt of the request. Any request for production of documents or records not in the department's possession shall be denied by the Judge. Any document or record that has not been made available by the department to the defendant pursuant to request shall not be introduced into evidence by the department.

1 TEX. ADMIN. CODE § 159.13(1) (1997).

This provision imposes the sanction that after a proper request for documents in the DPS' file, documents not provided may not be introduced into evidence. *See id.* Raesner argues the administrative law judge should have imposed this sanction because DPS did not produce his requested documents within five days after DPS received the request. However, Raesner ignores the statutory limitation that the records be in DPS' possession. *See id.*

■ This is essentially a pretrial discovery dispute. A party who does not obtain a pretrial ruling on a discovery dispute that exists before trial waives any claim for sanctions based on that conduct. *See Remington Arms Co., Inc. v. Caldwell,* 850 S.W.2d 167, 170 (Tex.1993); *Branham v. Texas Dep't of Public Safety,* 950 S.W.2d 717, 720 (Tex. App.—Fort Worth 1997, no writ). A party does not, however, waive any claim for sanctions if he discovers the pretrial discovery abuse only after the trial has begun. *See*

*Remington,* 850 S.W.2d at 170; *Branham,* 950 S.W.2d at 720.

■ In this case, Raesner was aware of DPS' prehearing conduct between two and three weeks before the hearing. Any dispute he had about (1) whether DPS possessed his requested documents in its file or (2) whether DPS was dilatory in producing his requested documents should have been raised in a motion to compel. *See Branham,* 950 S.W.2d at 720. Further, Raesner could have avoided any surprise or trial by ambush by simply requesting continuance of the hearing under section 159.11 of the Rules of Procedure for Administrative License Suspension Hearings, which provides that the "department shall continue a hearing once, if the department receives a request for a continuance from the defendant no later than five days before the date of the scheduled hearing." 1 TEX. ADMIN CODE § 159.11 (1997).

Because Raesner did not file a motion to compel and obtain a ruling on such a motion, we hold that he has waived any claim for sanctions. In addition, by not availing himself of a motion for continuance, Raesner cannot complain on appeal that his substantial rights were prejudiced. *See Texas Dep't of Public Safety v. Cantu,* 944 S.W.2d 493, 496 (Tex.App.—Houston [14th Dist.] 1997, no writ).

Raesner's sole point of error is overruled. The judgment of the county court is affirmed.