**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Danny Ray DOYLE, Appellee.**

No. 2–98–110–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 10, 1998.

Publication Ordered April 1, 1999.

---

Janette Lorie Ansolabehere, Asst. Gen. Counsel, Texas Dept. of Public Safety, Monica Branch, Asst. Gen. Counsel, Texas Dept. of Public Safety and Asst. Dist. Attorney by Deputation, Tim Curry, Criminal District Attorney, Tarrant County, Fort Worth, for Appellant.

Danny Ray Doyle, N. Richard Hills, for Appellee.

Before CAYCE, C.J.; LIVINGSTON, and BRIGHAM, JJ.

## OPINION

WILLIAM BRIGHAM, Justice.

The Texas Department of Public Safety, Appellant, appeals the county court's reversal of an administrative order suspending the driver's license of Appellee, Danny Ray Doyle. We sustain Appellant's points, reverse the county court's decision, and affirm the administrative law judge's suspension.

### BACKGROUND

On September 7, 1997, two Grapevine police officers stopped Appellee for weaving and straddling the white line. Appellee stumbled out of his vehicle, and the officers noticed an odor of alcohol on his breath, that he had bloodshot eyes and swayed while standing. He performed poorly on field sobriety tests. After being arrested for driving while intoxicated (DWI), Appellee was taken to jail, given the required statutory warnings, and agreed to submit to a breath test. The test indicated an alcohol concentration of 0.189 and 0.188.

Appellee requested an administrative hearing to contest his driver's license suspension by letter received September 8, 1997. In this letter, Appellee requested copies of certain documents in the Appellant's file, including the probable cause affidavit (DIC–23) and DWI statutory warning (DIC–24). On September 10 Appellant notified Appellee that at that time, the documents were not in its Fort Worth office. On September 29 Appellant faxed certified copies of both documents to Appellee. The certification date on both documents is September 26, 1997.

On October 6, 1997, Appellant sent Appellee copies of its pre-marked exhibits, including copies of the same forms DIC–23 and –24, filed by Appellant with the State Office of Administrative Hearings (SOAH). These were received by Appellee's counsel on October 7.

The administrative hearing was held on October 31, 1997, at which time the administrative law judge (ALJ) overruled Appellee's objections to the admission of DPS exhibits

one and two,[1] and sustained Appellant's petition to suspend Appellee's license. Appellee filed a petition for review in county court at law. The county court at law, after considering statements of position of both parties, sustained three of Appellee's points, reversed the decision of the ALJ, and ordered that Appellee's driver's license not be suspended. Appellant brings this appeal from the final judgment of the county court at law.

## STANDARD OF REVIEW

A person whose driver's license is suspended following an administrative hearing is entitled to judicial review of the decision. *See* TEX. TRANSP. CODE ANN. § 524.041 (Vernon 1999). Judicial review is on the record certified by the office of administrative hearings, with no additional testimony. *See id.* § 524.043(a). A party may apply to the reviewing court to present additional evidence. *See id.* § 524.043(b). In this case, the only evidence before the county court at law was the record from the administrative hearing.

Section 2001.174 dictates that the county court at law, on appeal, may not substitute its judgment for that of the administrative law judge, but:

(1) may affirm the agency decision in whole or in part; and

(2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(A) in violation of a constitutional or statutory provision;

(B) in excess of the agency's statutory authority;

(C) made through unlawful procedure;

(D) affected by other error of law;

(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

TEX. GOV'T.CODE ANN. § 2001.174(2)(A)–(F) (Vernon 1999).

 Thus, two requirements must be met for the county court at law to reverse the decision of an ALJ. The ALJ's decision must be erroneous for one of the six statutory reasons, and the erroneous action must prejudice a substantial right. *See Texas Dep't of Pub. Safety v. Cantu,* 944 S.W.2d 493, 495 (Tex.App.—Houston [14th Dist.] 1997, no writ). These statutory grounds for reversal are legal questions and are subject to de novo review by a court of appeals. *See Texas Dep't of Pub. Safety v. Mendoza,* 956 S.W.2d 808, 811 (Tex.App.—Houston [14th Dist.] 1997, no writ).

## APPELLANT'S POINTS

Appellant contends the county court at law erred in reversing the administrative decision because: (1) the ALJ properly overruled Appellee's objections to DPS exhibits one and two on the grounds that Appellant had complied with prehearing discovery rules; (2) the ALJ properly overruled Appellee's objection to DPS exhibit 2 on the basis that its admission did not violate the best evidence rule; (3) the ALJ did not violate Appellee's due process or due course of law rights by overruling his objections to timely and complete discovery; and (4) the ALJ's decision was supported by substantial evidence.

## PREHEARING DISCOVERY

 In point one, Appellant contends the ALJ properly overruled Appellee's objections to admission of DPS exhibits one and two. Appellee's objection was that Appellant did not comply with the applicable prehearing discovery rules, and that the sanction mandated therein makes the evidence inadmissible.

Various laws govern discovery in administrative law cases. Section 2001.091 provides, "subject to limitations of the kind provided for discovery under the Texas Rules of Civil Procedure," that a state agency may order a party, upon motion, to produce a designated document in that party's possession, custody, or control, so long as it is, or will lead to the

1. DPS exhibit 1 is a copy of DIC–24, and exhibit 2 is a copy of DIC–23.

discovery of, evidence that is material to a matter involved in the case. *See* TEX. GOV'T.CODE ANN. § 2001.091(a)(1) (Vernon 1999). Section 524.002 provides that Chapter 2001, Government Code, applies to administrative suspension of driver's license proceedings for failure to pass test for intoxication to the extent not varied by statute or administrative rules. *See* TEX. TRANSP. CODE ANN. § 524.002 (Vernon 1999). Section 159.13(1) provides:

A defendant shall be allowed to review, inspect and obtain copies of any non-privileged documents or records contained in the department's file or possession at any time prior to the hearing. If defendant submits a written request ... the department shall furnish copies of such documents or records to the defendant within five days of receipt of the request. Any request for production of documents or records not in the department's possession shall be denied by the Judge. Any document or record that has not been made available by the department to the defendant pursuant to request shall not be introduced into evidence by the department.

1 TEX. ADMIN. CODE § 159.13(1) (1994), <http://www.sos.state.tx.us/ tac/I/VII/159/159.13.html>. We agree with Appellant that certain civil discovery rules and their interpretations may be instructive here, so long as they do not conflict with applicable administrative discovery rules.

Appellee's objection to admission of the evidence on the grounds of untimely production is essentially a pretrial discovery dispute. *See Branham v. Texas Dep't of Pub. Safety,* 950 S.W.2d 717, 719–20 (Tex.App.—Fort Worth 1997, no writ). A party who fails to get a pretrial ruling on discovery disputes that exist before trial waives any claim for sanctions based on that conduct. *See Remington Arms Co. v. Caldwell,* 850 S.W.2d 167, 170 (Tex.1993) (construing Rule 215(5)[2] of the Texas Rules of Civil Procedure).

In this case, Appellee received copies of the requested documents within five days of

the date the copies were certified by Appellant, and at least one month before the administrative hearing. There is nothing in the record to indicate that Appellant had these documents in its possession prior to the certification date. Furthermore, Appellee did not file a motion for sanctions and request a pretrial hearing; therefore, we hold that Appellee waived any claim for sanctions available under Section 159.13. Accordingly, we sustain Appellant's first point.

## BEST EVIDENCE RULE

In point two, Appellant complains that the county court at law erred by reversing the decision of the ALJ because the ALJ properly overruled Appellee's objection to DPS exhibit two on the basis that its admission did not violate the best evidence rule. Appellee objected to the admission of DPS exhibit two because it was incompetent to prove Appellee was given the warning in writing as required by Section 724.015 of the Texas Transportation Code, especially in light of the ALJ's error in admitting the warning. Because we sustained point one and found that it was not error to admit the warning, we sustain Appellant's second point.

## DUE PROCESS AND DUE COURSE OF LAW

In point three, Appellant complains that the county court at law erred by reversing the administrative decision and finding that Appellee's rights of due process and due course of law were violated. We agree that the county court at law erred. Appellee's objection was that he was denied the right to adequately defend because Appellant "did not make timely or complete discovery and [such] failure was a statutory violation." Because we sustained the first two points, Appellant's third point is also sustained.

## SUBSTANTIAL EVIDENCE

Appellant's last point contends that the county court at law erred as a matter of law by reversing the decision of the ALJ because it was supported by substantial evidence.

**2.** Rule 215(5) provides that a party who fails to respond or supplement a request for discovery shall not be entitled to present evidence which the party was under a duty to provide. *See*

TEX.R. CIV. P. 215(5). Rule 215 has been interpreted to apply only to pretrial discovery misconduct. *See Remington Arms,* 850 S.W.2d at 171.

A court may only reverse an administrative decision if the agency's findings, inferences, conclusions, or decisions are not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole, or if the decision is arbitrary, capricious, or characterized by an abuse of discretion. *See* TEX. GOV'T.CODE ANN. § 2001.174(2)(E) & (F) (Vernon 1999); *Board of Law Examiners v. Stevens,* 868 S.W.2d 773, 777–78, (Tex.), *cert. denied,* 512 U.S. 1206, 114 S.Ct. 2676, 129 L.Ed.2d 811 (1994). Because the evidence at issue was admissible, we find that on the evidence as a whole, there was substantial evidence to support the administrative decision. Therefore, we sustain point four.

### CONCLUSION

Having sustained all of Appellant's points, we reverse the judgment of the county court at law and render judgment affirming the decision of the ALJ. We further order that Appellant is authorized to suspend the driver's license of Appellee for a period of 60 days.