**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Brian Jason MOORE, Appellee.**

No. 2–98–253–CV.

Court of Appeals of Texas, Fort Worth.

July 13, 2000.

Monica Branch, Asst. Gen. Counsel, Texas Dept. of Public Safety, Fort Worth, for Appellant.

Ronald G. Knight, Fort Worth, for Appellee.

PANEL A: CAYCE, C.J.; DAY and DAUPHINOT, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

### INTRODUCTION

The Texas Department of Public Safety (DPS) appeals from the trial court's order denying DPS's petition to suspend Brian Jason Moore's driver's license. The denial was based on the court's decision to exclude several of DPS's exhibits as a discovery sanction. Because the discovery sanction was erroneous, we reverse the trial court's order.

### BACKGROUND

On November 26, 1997, Officer Christopher Beckman was investigating an accident in Arlington. Moore told Officer Beckman that he was the driver of the truck that was involved in the accident. Moore had watery, bloodshot eyes and smelled of alcohol. Officer Beckman administered the horizontal gaze nystagmus test, and Moore failed the test. On the one-leg stand test, Moore swayed and had to put his foot down repeatedly during the test. Moore also failed the walk-and-turn test. Officer Beckman arrested Moore for driving while intoxicated (DWI). Moore provided two breath samples that both showed his blood alcohol level exceeded the legal limit.

Moore was then served with notice that because the breath test showed that his blood alcohol level was above the legal limit, his driver's license was administratively suspended.[1] On December 4, Moore requested a hearing before an administrative law judge (ALJ) to contest the license suspension.[2] In order to sustain a license suspension, the ALJ must find by a pre-

---

1. *See* TEX. TRANSP. CODE ANN. § 524.012 (Vernon 1999).

2. *See id.* § 524.031.

ponderance of the evidence at the suspension hearing that (1) the arresting officer had reasonable suspicion to stop or probable cause to arrest the person and (2) the person was operating a motor vehicle in a public place with an alcohol concentration above the legal limit.[3] If the ALJ finds in the affirmative on each issue, the suspension is sustained; but if the ALJ does not find in the affirmative on each issue, DPS is required to reinstate the person's driver's license.[4]

In Moore's hearing request, he included a request for production, asking for a copy of DPS's official record certification:

I am requesting copies of all non-privileged documents or records in [DPS's] file or possession regarding my client, including without limitation, the ALR Report . . ., the Probable Cause Affidavit . . ., Police Officer DWI Statutory Warning . . ., Notice of Suspension . . ., any DIC/ALR receipt stamp and the envelope (clearly showing the addresses, postmark and receipt date stamp) in which this information was forwarded to DPS . . ., any Certification of Official Record of the State Office of Administrative Hearings and any DPS Certificate(s) purporting to make any document(s) a public record. . . .

At the time of the request, DPS did not have certified copies of the requested documents. However on December 8, DPS sent Moore uncertified copies of all documents contained in its file: the statutory warnings given to Moore, Officer Beckman's sworn report, the suspension notice, a copy of the breath test results, and a copy of DPS's request to the Tarrant County Medical Examiner's Office for an affidavit from the breath test technical supervisor. On December 9, DPS sent a supplemental response to Moore that included the breath test supervisor's affidavit and asked Moore if he wanted the

maintenance records currently in existence or if he wanted to wait until 30 days after his test had expired. The record does not reflect what the parties agreed to on the maintenance records. On December 29, DPS gave Moore maintenance records for the intoxilyzer. That same day, DPS's hearing documents, except for the breath test technical supervisor's affidavit, were certified as public records. On December 31, DPS sent the certified documents to Moore and the ALJ.

On March 13, 1998, Moore's hearing was held by telephone conference. DPS presented Officer Beckman's testimony and then offered into evidence the statutory warning form, Officer Beckman's sworn report, a copy of the breath test result, and the breath test technical supervisor's affidavit. Moore objected to the first three exhibits because he had asked in his discovery request to be provided with a copy of DPS's certification and was not provided with that certification within five days of his request. The ALJ sustained Moore's objection and refused to admit the exhibits as a discovery sanction. Moore then objected to the admission of the breath test supervisor's affidavit because it was not relevant in light of the fact that the other exhibits were not in evidence. The ALJ sustained Moore's objection and refused to admit the affidavit.[5] Accordingly, the ALJ issued a ruling denying DPS the authority to suspend Moore's driver's license and stated that "[n]one of [DPS's] elements were proved as all of [its] evidence was refused admission into evidence for failure . . . to timely provide copies of its trial exhibits to [Moore] or for not being relevant."

■ DPS appealed the ALJ's decision to the county court, and the county court affirmed the ALJ's decision.[6] DPS now appeals to this court and argues that the

---

3. *See id.* § 524.035(a).

4. *See id.* § 524.035(b)-(c).

5. The exhibits, however, are included in the appellate record as an offer of proof.

6. *See* TEX. TRANSP. CODE ANN. § 524.041.

ALJ and the county court erred in not admitting the exhibits. We review administrative decisions regarding admission or exclusion of evidence under an abuse-of-discretion standard.[7]

## DISCOVERY SANCTION

As discussed above, the transportation code provides that when a driver is arrested for DWI, his or her driver's license is automatically suspended unless a hearing to contest the suspension is requested.[8] The statute does not address discovery matters or particular items that either party must produce to prove their case. However, the State Office of Administrative Hearings has drafted administrative rules that provide for discovery, which at the time of Moore's hearing provided:

The scope of prehearing discovery in these proceedings is as follows:

(1) A defendant shall be allowed to review, inspect and obtain copies of any non-privileged documents or records contained in the department's file or possession at any time prior to the hearing. If defendant submits a written request ..., the department shall furnish copies of such documents or records to the defendant within five days of receipt of the request. Any request for production of documents or records not in the department's possession shall be denied by the Judge. *Any document or record that has not been made available by the department to the defendant pursuant*

*to request shall not be introduced into evidence by the department.*[9]

As the emphasized language demonstrates, section 159.13(1) provides a sanction that results in the exclusion of any document that has not been made available by DPS upon proper request.[10]

In *Doyle* and *Branham*, we held that the failure by a party to obtain a pretrial ruling on discovery disputes related to requests for DPS documents that exist before trial constitutes a waiver of any request for sanctions under section 159.13(1) based on that failure.[11] This duty to obtain a pretrial ruling on a dispute involving a request for DPS records applies equally to DPS and the defendant.

In this case, Moore objected at the ALJ hearing to the admission of DPS's statutory warning form, Officer Beckman's sworn report, and a copy of the breath test results on the ground that, although the documents were timely produced, they were not timely produced in certified form. Based on this objection, the trial court excluded those documents from evidence. Moore, however, did not object in a pretrial hearing to the failure of DPS to certify the documents. Therefore, Moore waived any right he may have had to seek exclusion of the documents on the ground that they were not certified.[12] Furthermore, we hold that DPS's production of uncertified copies of the documents met the requirements of section 159.13(1). Consequently, we conclude the trial court abused its discretion by excluding the doc-

---

7. See *Texas Dep't of Pub. Safety v. Mendoza*, 956 S.W.2d 808, 810 (Tex.App.—Houston [14 th Dist.] 1997, no pet).

8. See Tex. Transp. Code Ann. § 524.032.

9. 19 Tex. Reg. 10221, 10226 (1994) (emphasis supplied), *amended by* 24 Tex. Reg. 1320, 1326 (1999) (current version at 1 Tex. Admin. Code § 159.13(1), <http://www.sos.state.tx.us/tac/I/VII/ 159.13.html>) (State Office of Administrative Hearings).

10. *Id.*

11. *Texas Dep't of Pub. Safety v. Doyle*, 987 S.W.2d 897, 900 (Tex.App.—Fort Worth 1998, no pet.); *Branham v. Texas Dep't of Pub. Safety*, 950 S.W.2d 717, 720 (Tex.App.—Fort Worth 1997, no writ); *see also Texas Dep't of Pub. Safety v. Zhao*, 994 S.W.2d 357, 362 n. 8 (Tex.App.—Austin 1999, no pet.); *Raesner v. Texas Dep't of Pub. Safety*, 982 S.W.2d 131, 133 (Tex.App.—Houston [1 st Dist.] 1998, pet. denied).

12. *See Doyle*, 987 S.W.2d at 900; *Raesner*, 982 S.W.2d at 133.

uments. We sustain DPS's first issue.[13]

In its second issue, DPS argues that it was an abuse of discretion to exclude the breath test technical supervisor's affidavit. In the courts below, Moore's position was that the affidavit was irrelevant and, thus, inadmissible because the copy of the breath test result was not admitted as a result of the discovery sanction. In light of our holding that the copy of the breath test was improperly excluded, Moore's relevance argument no longer has merit. Had the breath test result been properly admitted, the breath test technical supervisor's affidavit would certainly have been relevant to the issues DPS was required to prove; namely, that Moore's blood alcohol level was above the legal limit. Thus, it was an abuse of discretion to exclude the affidavit on the ground that it was irrelevant. We sustain issue two.[14]

## CONCLUSION

Because Moore waived his lack-of-certification complaint by failing to raise it pretrial and because the documents were not required to be certified, we hold that it was an abuse of discretion for the trial court to exclude from evidence the statutory warning form, Officer Beckman's sworn report, and a copy of the breath test result. We further hold it was an abuse of discretion to exclude the breath test technical supervisor's affidavit on the grounds that it was not relevant. We reverse the judgment of the county court and remand to the ALJ for a hearing as provided in the transportation code.[15]

DAUPHINOT, J., filed a concurring opinion.

LEE ANN DAUPHINOT, Justice, concurring.

I write separately only to point out the dilemma facing both the administrative law judge and the county court at law judge. Before those judges, DPS did not argue waiver. DPS argued only that (1) the administrative code did not require certification of the documents Moore had requested; (2) the uncertified copies DPS provided Moore within five days of the request were the only copies in DPS's possession; and (3) DPS provided Moore certified copies as soon as they came into DPS's possession. The administrative law judge apparently viewed DPS's position as relating to a discovery dispute because he asked whether DPS had filed objections to the request for discovery. When DPS stated it had not, the administrative law judge refused to admit DPS's exhibits one, two, and three.

DPS now argues on appeal that the administrative law judge used this court's holding in Branham[1] against the wrong party. DPS further argues that ALJ hearings are not subject to the Texas Rules of Civil Procedure. The judges below were faced with a timely request for certified documents, an administrative code provision prohibiting DPS from introducing into evidence any document or record that has not been made available by DPS to the defendant pursuant to a request,[2] DPS's complaint at trial that it was

---

13. The concurrence misreads our opinion on this issue. We do not hold that Moore "waived his complaint on appeal." Instead, we hold he waived his right to seek the exclusion of the DPS documents in the trial court on the grounds that they were not certified because he did not raise the alleged deficiency before trial. Thus, we conclude the trial court abused its discretion when it excluded the DPS documents based on Moore's waived trial objection.

14. Because of our disposition of issues one and two, we need not address DPS's third issue.

15. See TEX. TRANSP. CODE ANN. §§ 524.031–.041.

1. Branham v. Texas Dep't of Pub. Safety, 950 S.W.2d 717, 720 (Tex.App.—Fort Worth 1997, no writ).

2. See 19 Tex. Reg. 10221, 10226 (1994), amended by 24 Tex. Reg. 1320, 1326 (1999)

not required to provide the requested discovery, our *Branham* opinion requiring that discovery complaints be raised pretrial, and no complaint by DPS that Moore had waived his objection by failing to request a pretrial ruling.

We must remember that, unlike the situation in *Branham* where DPS was the appellee, DPS is the appellant in this case. It has long been a cardinal rule of appellate procedure that an appellant's complaint on appeal must comport with the objection made at trial or the complaint is waived.[3] Therefore, DPS, as the appellant, bears the burden of demonstrating that it preserved any error of which it now complains on appeal. Because DPS's complaint on appeal does not comport with its objections in the courts below, DPS has waived its complaint on appeal.

Because, however, the administrative code provision upon which Moore relied, both in the courts below and on appeal, does not require that DPS produce the requested documents or records in any particular form, e.g., as certified copies, I agree with the majority that DPS met the administrative code requirements. It was therefore error for the trial court to exclude the documents as a discovery sanction under the administrative code.

For these reasons, I concur in the result reached by the majority, and I join in the portions of the majority's opinion holding that because the documents were not required to be certified, it was an abuse of discretion for the trial court to exclude from evidence the statutory warning form, Officer Beckman's sworn report, and a copy of the breath test result and holding that it was an abuse of discretion to exclude the breath test technical supervisor's

(current version at 1 TEX. ADMIN. CODE § 159.13(1), <*http://www.sos.state.tx.us/ tac/I/ VII/ 159.13.html* >) (State Office of Administrative Hearings).

affidavit on the grounds that it was not relevant.

**3.** *See, e.g., Texas Dep't of Transp. v. Olson*, 980 S.W.2d 890, 898 (Tex.App.—Fort Worth 1998, no pet.).