In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00136-CR
_____

PAT LANE SWANZY JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 356th District Court
Hardin County, Texas
Trial Cause No. 26250

## OPINION

In 2021, a Hardin County grand jury indicted Pat Lane Swanzy Jr. for DWI third or more—a third-degree felony—based on evidence tied to a stop in February 2021, which resulted in Swanzy's arrest.[1] Swanzy had a jury decide both his guilt and his punishment. At trial, the jury found

---

[1]Tex. Penal Code Ann. § 49.04 (driving while intoxicated); *id.* § 49.09(b)(2) (enhanced offenses and penalties).

1

Swanzy guilty of DWI, "Driving While Intoxicated 3rd or More, as alleged in the indictment." In the punishment phase of the trial, the trial court submitted a question asking the jury to address whether Swanzy had committed at least two of the prior, sequential felonies that were alleged in the State's "Notice to Enhance Punishment." Because the jury determined it was "True" that Swanzy committed at least two of the prior sequential felonies, the jury answered a verdict form in which the trial court instructed the jury that it could assess Swanzy's punishment at not less than 25 years or more than 99 years in the Institutional Division, Texas Department of Criminal Justice.[2] Based on the jury's findings and

---

[2]DWI is a third-degree felony when the State proves the defendant has incurred two prior convictions for DWI. *Id*. § 49.09(b)(2). The punishment (in contrast to the grade of the offense) that applies to a third-degree felony may then be enhanced if it is shown that the defendant is guilty of committing two prior, sequential felony convictions. *Id*. § 12.42(d). If the two prior, sequential felonies are proven to enhance the punishment for a defendant committing a third-degree felony, the defendant faces a term of "life, or for any term of not more than 99 years or less than 25 years." *Id*. We note that the "Notice to Enhance Punishment," which the trial court referred to in the charge, isn't among the documents that were included in the appellate record that is before us in Swanzy's appeal. That said, Swanzy didn't raise any issues in his brief complaining that he wasn't properly notified as required by law of the State's allegations as to the convictions that are relevant to the State's proof of Swanzy's status as a habitual felon. Swanzy also doesn't complain the evidence the State presented in his punishment hearing is insufficient to support the jury's finding that he committed at least two

2

the trial court's instructions, the jury assessed Swanzy's punishment at imprisonment for 99 years.

Swanzy appealed, and he argues the trial court erred in denying his motion for an instructed verdict of not guilty. According to Swanzy, the trial court should have granted his motion for instructed verdict because the evidence "was legally insufficient for a rational jury to find the essential elements of the offense beyond a reasonable doubt." More specifically, Swanzy contends that one of the DWIs on which the State relied, a DWI to which he had pleaded guilty in 1979, was dismissed after he completed probation. Swanzy concludes that because the 1979 DWI case didn't result in a final conviction, the State failed to prove that he had incurred convictions on two prior DWIs in the trial of his 2021 DWI. And if deprived of the benefit of the jury's finding that he incurred a final conviction on the 1979 DWI, Swanzy claims the evidence is insufficient to prove he committed the two or more prior DWIs the State had to prove to establish he committed a felony DWI. Swanzy contends that because

of the prior sequenced felonies the State alleged in its "Notice of Enhancement."

3

the State failed to prove he committed the felony DWI as alleged in the indictment, he is entitled to an acquittal in the appeal.

We agree with Swanzy that the State failed to prove he suffered a final conviction on the 1979 DWI. Deprived of the benefit of the 1979 DWI—a DWI to which Swanzy pleaded guilty, was placed on probation, and his probation was never revoked—the record doesn't contain sufficient evidence to support Swanzy's conviction on the felony DWI on which he was convicted. That said, because the evidence established that Swanzy was driving while intoxicated in February 2021, and because the trial gave the jury the option of finding Swanzy guilty of Driving While Intoxicated, we disagree with Swanzy that the State's failure to prove he committed a felony-grade DWI entitles him to acquittal in his appeal.

Because the error on this record concerns the "grade of the offense," the trial court had the authority to "hear and determine the case as to any grade of offense included in the indictment, whether the proof show[ed] a felony or a misdemeanor."[3] In this case, the record shows that Swanzy demanded that a jury assess his punishment. For that reason, he has a right to have a jury, not this Court or the trial court, assess his

---

[3]Tex. Code Crim. Proc. Ann. art. 4.06.

4

punishment on the Class A misdemeanor the evidence shows that he committed in February 2021.[4] We reverse the trial court's judgment and remand the case to the trial court for a new punishment hearing consistent with the range of punishment for the lower-grade offense.

## Background

Given the limited scope of Swanzy's appeal, we limit our discussion of the background to the facts needed to explain our resolution of his issue.

The stop that resulted in Swanzy's arrest occurred on February 9, 2021. The testimony in Swanzy's trial shows that Brian Williford Jr., a sales representative, was driving in one of the northbound lanes of Highway 69 in Hardin County when he saw a truck in front of him veer off the road. Later that day after the truck Williford was following stopped, Williford learned that Pat Swanzy Jr. was the driver of the truck he had seen in the northbound lane on Highway 69.

---

[4]Tex. Const. art. I, § 15 (The right of trial by jury shall remain inviolate.); Tex. Penal Code Ann. § 49.09(a) (making it a Class A misdemeanor when the State shows that the person it has charged with DWI has incurred a prior conviction for a DWI).

Because Williford thought the driver he was following (Swanzy) might be intoxicated, Williford called the police. But before the police arrived, Swanzy collided with another truck. Swanzy, however, didn't stop at the scene. Instead, after he hit the truck, Swanzy turned around and headed south on Highway 69. Williford also turned around, began following Swanzy, and called the Hardin County Sheriff's Department to let them know the driver of the truck that he was following had been in a wreck and was coming their way.

Swanzy pulled off Highway 69 and stopped at some storage buildings in Kountze, Texas. Williford stopped in front of Swanzy's truck just as a police officer from the City of Kountze arrived on the scene.[5] Deputy Blake Brewer, a deputy sheriff employed by the Hardin County Sheriff's Department, came to the scene to assist the City of Kountze police officer with the stop. At trial, Deputy Brewer testified that he could smell a "heavy odor of an alcoholic beverage" on Swanzy's breath when he approached Swanzy on the scene.

---

[5]The testimony in the trial revealed a Kountze police officer was the first officer on the scene. However, that testimony also shows that when the trial occurred, the officer no longer worked for the Kountze Police Department, and the officer was not called to testify in the trial.

State Trooper Luis Morales came to the scene to assist in the investigation. He took Swanzy to the Altus Hospital in Lumberton, Texas. A registered nurse employed by the hospital drew a sample of Swanzy's blood, and Trooper Morales sent the sample to the DPS Crime Lab for testing. Cheryl Szkudlarek, a forensic scientist employed by the Department of Public Safety, testified in Swanzy's trial that she tested the sample in the lab and that Swanzy' blood-alcohol content tested at "0.309 grams of alcohol per 100 milliliters of blood." Szkudlarek also testified the "legal limit is 0.08."

On appeal, the dispute centers around whether the State's evidence fails to establish the 1979 DWI may serve as one of the two prior convictions for DWI that the State needs to prove that Swanzy committed a felony-grade DWI in February 2021. As to the indictment, in alleging Swanzy committed a felony-grade DWI, it alleges that Swanzy committed two prior DWIs, one in 1979 and one in 1982. As to the two predicate DWIs, the indictment reads:

> And it is further presented that prior to the commission of the charged offense (hereafter styled primary offense), on the 7th day of July, 1982, in Cause No. 98,289 in the County Court of Jefferson County at Law No. 2, Jefferson County, Texas, the Defendant was convicted of an offense relating to operating a motor vehicle while intoxicated; and on the 2nd day

of August, 1979, in Cause No. 84,781 in the County Court of Jefferson County at Law No. 2, Jefferson County, Texas, the Defendant was convicted of an offense relating to operating a motor vehicle while intoxicated.

To establish Swanzy incurred a conviction on the 1979 DWI, the State relied on one exhibit in the trial, Exhibit 12. We note that Exhibit 12 doesn't include a judgment of conviction on the 1979 DWI. That said, Exhibit 12 includes a "Probation Order," which shows that on August 2, 1979, the County Court at Law Number 2 of Jefferson County, Texas, found Swanzy guilty of misdemeanor DWI, assessed a $500 fine, and ordered Swanzy confined to jail for 120 days. In the same order, the trial court suspended Swanzy's sentence and placed him on probation for a year.

Just over a year after the County Court at Law of Jefferson County Number 2 found that Swanzy was entitled to be discharged from probation on the 1979 DWI because he had complied with the terms of his probation. That Swanzy had complied with the terms of his probation is established by the "Order Striking Probation," an order that is also in Exhibit 12. The Order Striking Probation recites the finding of guilt is "set aside, the complaint and information" is "dismissed and [the] cause

8

stricken from the docket of this Court, and [the] defendant . . . is hereby discharged from probation[.]"

Swanzy argues the evidence found in Exhibit 12 is insufficient to prove he incurred a final conviction on the 1979 misdemeanor DWI. And deprived of the benefit of the jury's finding in the 2021 trial as it is relevant to his "conviction" on the 1979 DWI, Swanzy concludes the evidence doesn't support the jury's finding that he was convicted of having committed two felony DWIs as alleged in the indictment that charged him with committing a felony DWI. As Swanzy sees it, the problem with the State's case is that under the version of the Code of Criminal Procedure that applies to his 1979 DWI, the State can't use his 1979 DWI for any purpose because he was placed on probation, his probation was never revoked, he completed his probation on the 1979 case, and the 1979 case against him was ultimately dismissed.

Our resolution of Swanzy's issue hinges on our interpretation of the statute that applies to Swanzy's 1979 DWI. It is undisputed that the evidence shows the trial court placed Swanzy on probation in 1979 after he was charged with misdemeanor DWI. It is also undisputed that after

Swanzy was placed on probation for the 1979 DWI, his probation on the 1979 DWI was never revoked.

## Statutory Construction

To resolve Swanzy's issue, we must look to the statutory language that applies to Swanzy's 1979 DWI. We apply a de novo standard to issues of statutory interpretation.[6] When interpreting a statute, our focus is on the statute's text, and our goal is to determine the statute's meaning based on the fair and objective meaning of the words that the legislature used in the statute.[7] In evaluating a statute's text, we read the statute in context and construe it based on the rules of grammar and common usage.[8] We assume every word of the statute was used for a purpose, and if possible we give effect to each word, phrase, clause, and sentence.[9] Generally, a statute's "expression of one thing implies the exclusion of other, unexpressed things."[10]

---

[6]*Tapps v. State*, 294 S.W.3d 175, 177 (Tex. Crim. App. 2009).
[7]*Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).
[8]*Id.*
[9]*Tapps*, 294 S.W.3d at 177.
[10]*Chambers v. State*, 580 S.W.3d 149, 156 (Tex. Crim. App. 2019).

"A statute is unambiguous when it reasonably permits only one understanding."[11] And when a "statute is clear and unambiguous, the legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute."[12]

Analysis

Swanzy's 1979 DWI is governed by the Misdemeanor Probation Law that applies to his 1979 DWI. That law is found in the 1965 version of the Texas Code of Criminal Procedure.[13] Under the 1965 version of the Texas Code of Criminal Procedure, the legislature allowed the defendant's guilty plea to a misdemeanor to be considered for only one

---

[11]*State v. Kahookele*, 640 S.W.3d 211, 225 (Tex. Crim. App. 2021).
[12]*Coit v. State*, 808 S.W.2d 473, 475 (Tex. Crim. App. 1991) (cleaned up).
[13]*See* 1965 Code of Criminal Procedure, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, 499-502 (Misdemeanor Probation Law). In 1979, Article 42.13 was repealed and replaced by a new Article 42.13, but the amended statute wasn't in effect when Swanzy committed the offense or when the trial court placed him on probation. *See* Act of May 28, 1979, 66th Leg., R.S., ch. 654, § 1, 1979 Tex. Gen. Laws 1514, 1514-20 (Misdemeanor Adult Probation and Supervision Law). The former Article 42.13, referred to in this footnote, was repealed by 69th Leg., R.S., ch. 427, § 3, 1985 Tex. Gen. Laws 1555, and then for good measure, repealed again by the 70th Leg., R.S., ch. 939, § 24, 1987 Tex. Gen. Laws 3144. The current version of the statute addressing the dismissal and discharge of criminal proceedings against a defendant on the expiration of a period of deferred adjudication community supervision is now codified at Tex. Code Crim. Proc. Ann. art. 42A.111 (West and Supp.).

purpose—whether the defendant if convicted of another DWI should be placed on probation.[14]

As relevant here, the 1965 version of article 42.13 of the Code of Criminal Procedure stated:

> Sec. 4. (a) When a defendant is granted probation under the terms of this Act, the finding of guilt does not become final, nor may the court render judgment thereon, except as provided in Section 6 of this Article.
> (b) . . . The court's records may not reflect a final conviction, however, unless probation is later revoked in accordance with Section 6 of this Article.
> . . .
>
> Sec. 7. (a) When the period and terms of probation have been satisfactorily completed, the court shall, upon its own motion discharge him from probation and enter an order in the minutes of the court setting aside the finding of guilty and dismissing the accusation or complaint and the information or indictment against the probationer.
>
> (b) After the case against the probationer is dismissed by the court, his finding of guilty may not be considered *for any purpose* except to determine his entitlement to a future probation under this Act, or any other probation Act. (emphasis in original).[15]

---

[14]1965 Code of Criminal Procedure, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, at 501.

[15]1965 Code of Criminal Procedure, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, at 500-501.

Under Texas law, "[i]f a defendant's range of punishment is improperly enhanced, in the sense that the prior convictions alleged do not actually support enhancement under the applicable statutory provision, then the defendant has been sentenced in violation of the law and his sentence is 'illegal.'"[16] In Swanzy's case, his attorney moved for a directed verdict. But in moving for a directed verdict, Swanzy's attorney didn't specifically identify for the trial court why the evidence before the jury was arguably insufficient to support a verdict. The attorney also didn't show the trial court the language in the 1965 version of article 42.13 of the Code of Criminal Procedure, the language that we have determined shows the legislature didn't intend to allow a guilty plea resulting in a defendant's probation that was subsequently never revoked to be used as a predicate conviction to enhance the grade of a subsequent DWI.[17]

We note that on appeal, the State argues Swanzy waived his objections to what we have determined is the State's improper use of Swanzy's guilty plea to his 1979 DWI. And even though we agree with

---

[16]*Bell v. State*, 635 S.W.3d 641, 645 (Tex. Crim. App. 2021).

[17]*Id.*; *Ex parte Rich*, 194 S.W.3d 508, 511-512 (Tex. Crim App. 2006); *see also Levy v. State*, 818 S.W.2d 801, 802 (Tex. Crim. App. 1991).

the State that Swanzy's attorney could have and should have pointed the trial court to the statutory language that governs Swanzy's 1979 DWI, we disagree with the State that Swanzy waived his claim that the evidence is insufficient evidence to support his conviction. The record shows that Swanzy's attorney moved for a directed verdict, and we have concluded the evidence doesn't support Swanzy's conviction of a felony DWI—a conviction that led to a 99-year sentence. Under Texas law, "[a] defect which renders a sentence void may be raised at any time."[18]

The result we reach in Swanzy's appeal aligns with the result the Court of Criminal Appeals reached under similar facts under only a slightly different version of the Code of Criminal Procedure governing a 1983 DWI in *Wilson v. State*.[19] In *Wilson*, the evidence established the defendant pleaded guilty to a predicate 1983 DWI on which Wilson was granted probation, and his probation was never revoked.[20] In Swanzy's case, the 1965 version of the Code of Criminal Procedure section 42.13 section 7 provided:

> After the case against the probationer is dismissed by the court, his finding of guilty may not be considered *for any*

[18]*Levy*, 818 S.W.2d at 802.
[19]*State v. Wilson*, 24 S.W.3d 595, 598 (Tex. Crim. App. 2010).
[20]*Id*.

*purpose* except to determine his entitlement to a future probation under this Act, or any other probation Act.[21]

As relevant here and under the 1979 version of the Code of Criminal Procedure, which is the version of the Code of Criminal Procedure that applied in *Wilson*, section 42.13 section 7(b) provided:

> . . . In case the defendant has been convicted or has entered a plea of guilty or a plea of nolo contendere and the court has discharged the defendant hereunder, such court shall set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information, or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which defendant has been convicted or to which defendant has pleaded guilty or pleaded nolo contendere, except that proof of defendant's conviction or plea of guilty or nolo contendere shall be made known to the court should the defendant again be convicted of any criminal offense.[22]

It's undisputed that the evidence shows Swanzy was placed on probation after pleading guilty to the 1979 DWI, and that after the trial court placed him on probation, his probation was never revoked. Thus, under the law that applies to his 1979 plea, his plea could not be considered for any purpose, including enhancing a later conviction to a

---

[21]1965 Code of Criminal Procedure, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, at 501, Art. 42.13 § 7(b).

[22]1979 Code of Criminal Procedure, 66th Leg., R.S., ch. 654, 1979 Gen. Laws 1514, 1516, 1518, Art. 42.13, § 7.

higher-grade offense. Consequently, we conclude the evidence the State introduced is insufficient to prove that Swanzy's 1979 DWI is a predicate conviction available to enhance the grade of Swanzy's 2021 DWI to a felony DWI.[23]

## The Remedy

Because there is no evidence that Swanzy was twice convicted of DWI before his trial on the 2021 DWI, the evidence is legally insufficient to support the jury's verdict that Swanzy, on or about February 9, 2021, committed a felony DWI. That said, when the jury found that Swanzy committed a felony DWI in February 2021, it also necessarily found that Swanzy was driving while intoxicated on or about February 9, 2021, and that he had previously been convicted of committing two prior DWIs— one in 1979 and the other in 1982. During the guilt-innocence phase of the case, the trial court's charge instructed the jury it could consider finding Swanzy guilty of the lesser included offense of DWI if it did not find he had been convicted of committing two prior DWIs.

On appeal, Swanzy has not argued the evidence is insufficient to support the jury's findings that he was operating a motor vehicle while

---

[23]*Id.*

16

intoxicated on or about February 9, 2021. Additionally, Swanzy has not argued the evidence doesn't support the jury's finding that his 1982 conviction was not final. Thus, the evidence the State presented in Swanzy's trial established that, beyond a reasonable doubt, he committed a Class A misdemeanor DWI.[24] In fact, Swanzy does not dispute that the evidence established he committed the DWI in February 2021 and that he incurred a final conviction for committing a DWI in 1982.

With an exception not relevant here, "double jeopardy principles have no application in the sentencing context."[25] Swanzy has also not raised any double jeopardy arguments in his appeal.

We may reform a judgment of conviction to a lower-grade DWI when, (1) in the course of convicting the defendant, the jury necessarily found every element needed to render a judgment of conviction in the appeal on the lower-grade DWI, and (2) the evidence is sufficient to support the defendant's conviction on the lower-grade DWI.[26] We

---

[24]Tex. Penal Code Ann. § 49.09(a) (authorizing conviction of a Class A misdemeanor if it is shown that the person has a prior conviction for a DWI).

[25]*Monge v. California*, 524 U.S. 721, 730 (1998).

[26]*See Thornton v. State*, 425 S.W.3d 289, 300 (Tex. Crim. App. 2014); *Nixon v. State*, 153 S.W.3d 550, 552 (Tex. App.—Amarillo 2004, pet. ref'd).

conclude the jury necessarily found every element needed to render a judgment on the lower-grade DWI, and we conclude that the evidence is sufficient to support the defendant's conviction on the lower-grade DWI. Therefore, we reform the judgment under the evidence and the record before us in this appeal.

## Conclusion

For the reasons explained above, we reverse the trial court's judgment and remand the cause to the trial court to reform the judgment and render a judgment of conviction on a Class A misdemeanor DWI. We also instruct the trial court on remand to conduct a punishment hearing before a jury (at Swanzy's election) and to provide the jury with the instructions relevant to the range of punishment applicable to a Class A misdemeanor DWI.[27]

REVERSED AND REMANDED.

HOLLIS HORTON
Justice

Submitted on August 1, 2023
Opinion Delivered September 27, 2023
Publish

Before Golemon, C.J., Horton and Johnson, JJ.

---

[27]Tex. Code Crim. Proc. Ann. art. 4.06; *see Thornton*, 425 S.W.3d at 307.

18