In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00014-CR


______________________________




DONALD LEE MONROE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 8th Judicial District Court


Franklin County, Texas


Trial Court No. 7478




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 In 2002, the trial court deferred a finding of guilt on the charge of unlawful possession of a
firearm by a felon (1) and released Donald Lee Monroe to community supervision for five years. 
Monroe's conditions of community supervision included the following:

 B. Abstain from the possession or use of any alcoholic beverage, controlled
substance, narcotic, dangerous drug, inhalant, or prescription without first
obtaining a prescription for said substances from a licensed physician; 

 

 . . . .

 

 G. Do not change your residence without prior approval from your CSO
[community supervision officer] and do not leave the county of your
residence without written permission from your CSO;

 

 H. (1) Pay a community supervision fee of $40.00 per month to the 8th Judicial
District Community Supervision and Corrections Department (CSCD) on or
before the 15[th] day of each month during the period of community
supervision beginning with the month immediately following the month you
were placed on community supervision; [and]

 

 H. (2) Pay the assessed fine, court cost of $278.00, a court appointed attorney fee of
$300.00, and restitution of $0 through the 8th Judicial District CSCD at the
rate of $46.00 per month on or before the 15th day of each month until paid
in full with the first payment due and payable on or before the 15[th] day of
the month following the date of this order . . . .


The trial court later amended Monroe's community supervision contract to require a $60.00 monthly
supervision fee as part of condition H(1) and a $100.00 monthly fee for court costs and attorney's
fees as part of condition H(2). (2) 

 The State subsequently moved to adjudicate Monroe's guilt for violating the above-referenced
conditions as amended. After a contested hearing, the trial court granted the State's motion,
adjudicated Monroe's guilt, and sentenced Monroe to twenty years' imprisonment. Monroe now
appeals, challenging the legal sufficiency of the evidence to show Monroe violated provisions "B"
and "G" of his community supervision. We affirm the trial court's judgment.

Standard of Review

 Recent statutory amendments now permit us to review a trial court's decision to proceed to
an adjudication of guilt. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2008);
Durgan v. State, 240 S.W.3d 875, 877-78 & n.1 (Tex. Crim. App. 2007); and contrast Connolly v.
State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999) (applying prior statute's bar to sufficiency
challenge). The determination of an adjudication of guilt is reviewable in the same manner as that
used to determine whether sufficient evidence supported the trial court's decision to revoke
community supervision. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b). That standard, which
we recently summarized, is the following:

 We review the trial court's decision regarding probation revocation for an abuse of
discretion and examine the evidence in a light most favorable to the trial court's
order. To revoke probation, the State must prove every element of at least one
ground for revocation by a preponderance of the evidence. The trial court holds very
broad discretion over community supervision, its revocation, and its modification. 
Considering the unique nature of the revocation hearing and the trial court's broad
discretion in the proceedings, the general standards for reviewing factual sufficiency
do not apply. If the greater weight of credible evidence creates a reasonable belief
a defendant has violated a condition of his or her probation, the trial court's order of
revocation did not abuse its discretion and must be upheld. 


Pierce v. State, 113 S.W.3d 431, 436 (Tex. App.--Texarkana 2003, pet. ref'd) (citations omitted). 

Analysis

 The State's motion to adjudicate guilt alleged Monroe had thrice used cocaine while on
community supervision, had changed his county of residence without prior approval from his
supervision officer, had failed to pay his monthly supervision fee, and had failed to pay his court
costs and attorney's fees at the court-ordered rates. The trial court found the preponderance of the
evidence substantiated these allegations. Monroe now disputes the trial court's findings, but only
with respect to the illegal narcotics violation and the change of residence violation. Monroe does
not challenge the trial court's finding that Monroe failed to pay his supervision fees, court costs, and
court-appointed attorney's fees.

 Legally sufficient proof of any single violation (including an administrative violation) is
adequate to support a trial court's decision to adjudicate a defendant's guilt. Cf. Moore v. State, 605
S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); Moses v. State, 590 S.W.2d 469, 470 (Tex.
Crim. App. [Panel Op.] 1979); Canseco v. State, 199 S.W.3d 437, 439 (Tex. App.--Houston [1st
Dist.] 2006, pet. ref'd). If sufficient evidence supports the trial court's finding of a single violation,
we need not address any remaining evidentiary sufficiency challenges that relate to other alleged
violations. Moore, 605 S.W.2d at 926; Lewis v. State, 195 S.W.3d 205, 209 (Tex. App.--San
Antonio 2006, no pet.); Greer v. State, 999 S.W.2d 484, 486 (Tex. App.--Houston [14th Dist.]
1999, pet. ref'd).

 Because he does not challenge all of the trial court's violation findings, we must conclude a
preponderance of the evidence supported the trial court's findings with respect to those unchallenged
violations--which in this case were the failures to pay supervision fees, court costs, and
court-appointed attorney's fees. These violations are, by themselves, sufficient to support the trial
court's judgment. We need not address Monroe's claims of error with respect to the other violations.

 We affirm the trial court's judgment.



 Jack Carter

 Justice


Date Submitted: February 18, 2009

Date Decided: February 19, 2009


Do Not Publish
1. See Tex. Penal Code Ann. § 46.04 (Vernon Supp. 2008).
2. The trial court modified other conditions of Monroe's community supervision at various
times between 2002 and 2007, including once ordering Monroe to be confined for 120 days in a state
jail facility due to testing positive for cocaine use. Those other modifications are not at issue in the
present appeal.



equired prior notice before such testimony was
accepted due to the unreliability of its telephone lines. 

 The district judge found this improper and admitted an affidavit from that proposed witness
concerning the lighting arrangement on the motorcycle. (6)

 Evidence presented at the administrative hearing also included Neal's officer's report stating
that Harris had slurred speech, bloodshot eyes, an odor of an alcoholic beverage on his person, and
admitted he had drunk four beers. Additionally, the HGN test showed clues of intoxication and
some of the field tests showed that Harris was unsteady. 

Analysis 

 Reasonable suspicion exists if the officer has specific, articulable facts that, when combined
with rational inferences from those facts, would lead the officer to reasonably conclude that a
particular person actually is, has been, or soon will be engaged in criminal activity. Garcia v. State,
43 S.W.3d 527, 530 (Tex. Crim. App. 2001). A reasonable-suspicion determination is made by
considering the totality of the circumstances, giving almost total deference to the fact-finder's
determination of historical facts and reviewing de novo the application of the law to facts not turning
on credibility and demeanor. Castro v. State, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007) (citing
Guzman, 955 S.W.2d at 89). 

 The ALJ was presented with a poor-quality visual recording that appears to indicate that
some light at the rear of the motorcycle was (to some degree at least) working at the time Harris
pulled off the road. She was also presented with evidence from the arresting officer that the license
plate light was not working when he pulled Harris over and that the license plate was not clearly
legible from fifty feet. Harris has shown that conflicting evidence was before the ALJ. However,
the only issue before the district court was whether substantial evidence supported the ALJ's
findings. A reviewing court cannot disregard an ALJ's factual determinations where there is
conflicting evidence. See Mireles, 9 S.W.3d at 131. We conclude that substantial evidence (at least
more than a scintilla) supported the ALJ's reasonable suspicion determination. See Tex. Dep't of
Pub. Safety v. Fisher, 56 S.W.3d 159, 163 (Tex. App.--Dallas 2001, no pet.). 

 Further, we find there is sufficient evidence to uphold the decision of the ALJ that Neal had
probable cause to believe that Harris was operating a motor vehicle in a public place while
intoxicated. 

 As previously noted, courts must affirm administrative findings in contested cases if there
is more than a scintilla of evidence to support them. In fact, an administrative decision may be
sustained even if the evidence preponderates against it. Hesskew v. Tex. Dep't of Pub. Safety, 144
S.W.3d 189, 191 (Tex. App.--Tyler 2004, no pet.). Based on the standard of review required, we
find that the district court erred by reversing the determination of the ALJ.

 We reverse the judgment of the district court and reinstate the judgment of the ALJ.



 Jack Carter

 Justice


Date Submitted: October 18, 2007

Date Decided: December 18, 2007






1. Tex. Transp. Code Ann. § 547.322 (Vernon 1999) states, in part, as follows:


 (f) A taillamp or a separate lamp shall be constructed and mounted to emit
a white light that: 

 (1) illuminates the rear license plate; and 

 (2) makes the plate clearly legible at a distance of 50 feet from the
rear. 

 (g) A taillamp, including a separate lamp used to illuminate a rear license
plate, must emit a light when a headlamp or auxiliary driving lamp is lighted. 


Tex. Transp. Code Ann. § 547.801 (Vernon Supp. 2007) provides:


 § 547.801. Lighting Equipment


 (a) A motorcycle, including a motor-driven cycle, shall be equipped with: 

 (1) not more than two headlamps mounted at a height from 24 to 54
inches; 

 (2) at least one taillamp mounted at a height from 20 to 72 inches; 

 (3) a taillamp or separate lamp to illuminate the rear license plate that
complies with the requirements of Sections 547.322(f) and (g);

 . . . .
2. This appeal was filed with the 10th Court of Appeals in Waco and was transferred to this
Court by order of the Texas Supreme Court as part of its docket equalization process.
3. See Hammack v. Pub. Util. Comm'n of Tex., 131 S.W.3d 713, 725 (Tex. App.--Austin 2004,
pet. denied); Peaster Indep. Sch. Dist. v. Glodfelty, 63 S.W.3d 1, 5 (Tex. App.--Fort Worth 2001,
no pet.); Lauderdale v. Tex. Dep't of Agric., 923 S.W.2d 834, 836 (Tex. App.--Austin 1996, no
writ)
.
4. See Merriam-Webster's Collegiate Dictionary 1245 (11th ed. 2006).
5. Under this standard of review for administrative decisions in contested cases, the court shall
reverse or remand the case for further proceedings if the appellant's substantial rights have been
prejudiced because the administrative findings, inferences, conclusions, or decision are: (A) in
violation of a constitutional or statutory provision; (B) in excess of the agency's statutory authority;
(C) made through unlawful procedure; (D) affected by other error of law; (E) not reasonably
supported by substantial evidence considering the reliable and probative evidence in the record as
a whole, or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted
exercise of discretion. Tex. Gov't Code Ann. § 2001.174(2); see also Tex. Dep't of Pub. Safety v.
Cantu, 944 S.W.2d 493, 495 (Tex. App.--Houston [14th Dist.] 1997, no writ) ("[T]o reverse an
agency decision, the reviewing court must conclude (1) that the agency's decision was erroneous for
one of the reasons enumerated in subsections (A) through (F), and (2) that substantial rights of the
appellant have thereby been prejudiced.").
6. At the hearing before the district court, it also became clear Harris had not been charged with
driving while intoxicated as a result of this stop.