

## NUMBER 13-12-00210-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**TEXAS DEPARTMENT
OF PUBLIC SAFETY,**                                                   **Appellant,**

**v.**

**TED A. GASPER**                                                      **Appellee.**

---

### On appeal from the County Court at Law No. 2
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, the Texas Department of Public Safety ("DPS"), appeals the trial court's reversal of an administrative law judge's ("ALJ") decision that permitted DPS to suspend appellee Ted A. Gasper's ("Gasper") driver's license based on his refusal to provide a breath specimen following his arrest for driving while intoxicated. We reverse the trial court's judgment and render judgment reinstating the administrative order.

## I. FACTUAL AND PROCEDRUAL BACKGROUND

Peace Officer Molly Ralph initiated a traffic stop of Gasper after observing him speed, turn left without signaling, swerve "a lot" in his lane, and later cross over a yellow dividing line on a two-way road. At the time, Gasper was riding a motorcycle. After she stopped him, Officer Ralph noticed that Gasper had slurred speech and that his breath smelled of alcohol. Gasper told Officer Ralph that he had consumed two alcoholic beverages that night. Officer Ralph administered the horizontal gaze nystagmus test. Gasper tested positive for six of six possible clues, indicating intoxication. Gasper also performed poorly on the walk-and-turn and one-leg stand field-sobriety tests.

After his arrest, Gasper was asked to perform a breath test. After he initially refused, he changed his mind and agreed to provide a breath specimen. Gasper, however, did not blow a sufficient sample into the machine, despite being given multiple opportunities to do so. DPS gave Gasper notice it was suspending his driver's license for refusing to provide a breath sample. Gasper requested an administrative hearing to contest the suspension of his driver's license.

At the commencement of the hearing, DPS received a copy of Officer Ralph's police report, at which time it delivered a copy to Gasper. The report was subsequently admitted into evidence over Gasper's objection that he had not received a copy of the report prior to the hearing. Several months prior to the hearing, in response to Gasper's request for production, DPS told Gasper it would produce any report on receipt, which it did. Gasper claimed he was surprised by the report. However, after the ALJ gave Gasper an opportunity to review the report at the hearing, he neither asked for a

2

continuance of the hearing nor otherwise demonstrated surprise. Officer Ralph's report is substantially duplicative of her testimony at the administrative hearing.

After the hearing, the ALJ made findings of fact and conclusions of law, which included a finding that Gasper refused to provide a breath or blood sample on request. The ALJ authorized DPS to suspend Gasper's driver's license for a period of 180 days.

Gasper appealed the ALJ's decision to the trial court. In his appeal, he contended that the ALJ's decision was not supported by substantial evidence. At the hearing, Gasper focused his argument on DPS's alleged failure to prove he refused to provide a breath specimen. Specifically, he argued that there was insufficient evidence to show that the intoxilyzer machine was working properly at the relevant time. Gasper also asserted that he worked as a commercial truck driver and that he relied on his income from truck driving to support his family, including two children.

After expressing concern over whether the intoxilyzer worked properly, the trial court reversed the ALJ's decision and ordered DPS to reinstate and return Gasper's commercial driver's license to him.

DPS appeals the trial court's reversal order, arguing by two issues: (1) the trial court erred by reversing Gasper's driver's license suspension because the ALJ's decision was based on substantial evidence that Gasper refused to provide a breath specimen on request, *see* TEX. TRANSP. CODE ANN. § 724.042(4) (West 2011); and (2) the trial court erred by implicitly reversing the ALJ's decision to admit Officer Ralph's police report into evidence at the administrative hearing.

## II.  REFUSAL OF BREATH TEST

### A.      Standard of Review

Whether in the trial court or on appeal, courts reviewing an ALJ's decision on a driver's license suspension apply the substantial evidence standard.  *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999).  We review the trial court's substantial evidence review de novo.  *See Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006) (noting that an ALJ's findings are entitled to deference but that "whether there is substantial evidence to support an administrative decision is a question of law," and as such, neither a trial court nor an ALJ's determination of this issue is entitled to deference on appeal); *see also Kennedy v. Tex. Dep't. of Pub. Safety*, No. 01-08-00735-CV, 2009 WL 1493802, at *2–3 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (mem. op.).

As with the trial court, we may not substitute our judgment for the ALJ's judgment. *Mireles*, 9 S.W.3d at 131*; see also* TEX. GOV'T CODE ANN. § 2001.174 (West 2008).  We do not determine whether the ALJ's decision was correct, but rather whether the record "demonstrates some reasonable basis" for the ALJ's determination.  *Mireles*, 9 S.W.3d at 131.  In contested cases, if there is more than a scintilla of evidence to support the administrative findings, we must affirm those findings; "[i]n fact, an administrative decision may be sustained even if the evidence preponderates against it."  *Id.*  We may reverse an ALJ's decision if an appellant's substantial rights have been prejudiced because the ALJ's findings, inferences, conclusions, or decisions are "not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole."  *See* TEX. GOV'T CODE ANN. § 2001.174(2)(E).

4

**B.     Applicable Law**

If a person is arrested and the peace officer making the arrest has reasonable grounds to believe that the person was driving while intoxicated, specimens of the person's breath or blood may be taken.   TEX. TRANSP. CODE ANN. § 724.012(a)(1).   If the person refuses to submit to the taking of a specimen, DPS shall suspend the person's driver's license to operate a motor vehicle on a public highway for 180 days.  *Id.* § 724.035(a)(1).   If a person's license is suspended under this chapter, that person may request a hearing on the suspension.   *Id.* § 724.041.   At the hearing, the relevant issues are whether:

(1)     reasonable suspicion or probable cause existed to stop or arrest the person;

(2)     probable cause existed to believe that the person was:

   (A)     operating a motor vehicle in a public place while intoxicated;

   . . . .

(3)     the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and

(4)     *the person refused to submit to the taking of a specimen on request of the officer.*

*Id.* § 724.042 (emphasis added).

**C.     Analysis**

By its first issue, DPS contends that the trial court erred by reversing the ALJ's decision because substantial evidence showed Gasper refused to submit to the taking of a breath specimen.   We agree.

Pursuant to Transportation Code section 724.032, a "refusal" (1) may be express

5

or (2) may result from an intentional failure of the person to give the specimen. TEX. TRANSP. CODE ANN. § 724.032. It has been held that failing to follow directions in submitting a specimen for testing constitutes an intentional refusal. *Tex. Dep't of Pub. Safety v. Sanchez*, 82 S .W.3d 506, 509, 511 (Tex. App.—San Antonio 2002, no pet.). DPS does not have the burden of disproving alternative hypotheses when attempting to prove a refusal to give a specimen. *Id.* (citing *Martin v. Dep't of Pub. Safety*, 964 S.W.2d 772, 776 (Tex. App.—Austin 1998, no pet.)). Accordingly, DPS is not required to disprove a defendant's theory that an intoxylizer machine was not working properly at the time a breath test was administered to a defendant. *Id.*

In this case, Officer Ralph testified that when she stopped Gasper, he had slurred speech and his breath smelled of alcohol. After initially refusing to submit to a breath test, Gasper changed his mind and said he would give a breath sample. However, according to Officer Ralph's testimony, Gasper puffed up his cheeks, but would not provide a sufficient sample when it was time for him to blow into the intoxilyzer machine. While Officer Ralph admitted on cross-examination that she did not know if the machine was "tested" afterward or whether Gasper was actually blowing, she testified she thought the Intoxilyzer 5000 machine at issue alerted the user if there was a malfunction with the machine. There was no evidence of such an alert in this case. It was incumbent upon the ALJ to determine the credibility of Officer Ralph's testimony. Neither this Court nor the trial court may substitute its own credibility judgment for the ALJ's. *See id.* There was sufficient evidence before the ALJ to meet the reasonableness standard of the substantial-evidence test. *See id.* We sustain DPS's first issue on appeal.

6

By its second issue, DPS argues that the trial court erred to the extent it implicitly reversed the ALJ's decision to admit Officer Ralph's police report into evidence at the administrative hearing. The record shows that Gasper did not complain or otherwise object in the trial court about the ALJ's admission of the report. *See id.* at 512. Gasper did not present any evidence of surprise after his counsel reviewed the report during the administrative hearing, and the report is largely duplicative of Officer Ralph's testimony. Further, Gasper did not request a continuance when the ALJ admitted the report into evidence. In that regard, the record shows that the ALJ, prior to admitting the report into evidence, offered Gasper's counsel a recess to review the report, and just as the ALJ was suggesting Gasper's counsel might need more time, Gasper's counsel interjected that he thought "a couple of minutes" would be sufficient. Counsel did not accept the ALJ's offer for a recess in which he could consider the report at greater length. These facts support the conclusion that the ALJ did not err by admitting Officer Ralph's report into evidence. *See id.*; *see also Tex. Dep't of Pub. Safety v. Cantu*, 944 S.W.2d 493, 496 (Tex. App.—Houston [14th Dist.] 1997, no writ).

## III. CONCLUSION

We reverse the judgment of the trial court and render judgment reinstating the administrative law judge's decision authorizing the suspension of Gasper's driving license. *See Sanchez*, 82 S.W.3d at 513; *see also* TEX. R. APP. P. 43.2(C).

GREGORY T. PERKES
Justice

Delivered and filed the
10th day of January, 2013.