**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Jorge CANTU, Appellee.**

**No. 14–96–00619–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 17, 1997.

**494**

Barbara Baruch, Houston, John C. West, Jr., Austin, Stacy Suzette Zipp, Mike Driscoll, Houston, for appellant.

Robert S. Vargas, San Antonio, for appellee.

Before MURPHY, C.J., and ANDERSON and O'NEILL, JJ.

## OPINION

O'NEILL, Justice.

Jorge Cantu ("Cantu"), appellee, had his driver's license automatically suspended following an arrest for driving while intoxicated. After a hearing, the administrative law judge upheld the suspension. Cantu appealed to the county court, claiming the administrative judge erred (1) in allowing the admission of documents that were not timely produced by the Texas Department of Public Safety ("the Department"), and (2) in admitting hearsay evidence in the form of the Breath Test Technical Supervisor's Affidavit. The county court found that Cantu's "sub-

stantial rights [had] been prejudiced," and reversed the administrative judge's suspension order. The Department brings this appeal seeking reversal of the county court's order. We find that Cantu's substantial rights were not prejudiced by admission of the disputed documents. Accordingly, we reverse the judgment of the trial court and affirm the administrative order of suspension.

## Prior Procedural Posture

■ Cantu requested an administrative hearing to contest the automatic suspension of his driver's license for driving while intoxicated. Cantu sent the Department a request for production of documents as allowed by Chapter 159 of the Texas Administrative Code, which contains the Rules of Procedure for Administrative License Suspension Hearings. 1 TEX.ADMIN.CODE § 159.13(1). Section 159.13(1) allows the Department five days from receipt of a request for production to comply, and further provides that "[a]ny document or record that has not been made available by the department to the defendant pursuant to request shall not be introduced into evidence by the department." To expedite the handling of sensitive legal documents, such as requests for production, 37 TEX.ADMIN.CODE § 17.16 was promulgated to specify the address where discovery requests should be sent. The statute states in pertinent part as follows:

> ... a Request for Production and/or any tangible/documentary evidence required to be served by the defendant on the department must be served on the department ... addressed to Director of Hearings, ALR Program, Post Office Box 15327, Austin, Texas 78761–5327.

20 Tex.Reg. 4119 (1995) *adopted* 20 Tex. 8455 (1995) (codified at 37 TEX.ADMIN.CODE § 17.16). Cantu did not direct his document request to the address specified in the statute, but sent it to the Department's general address on the Notice of Hearing letter.[1] As

---

**1.** Cantu asks this court to apply the Texas Rules of Civil Procedure to the Notice of Hearing letter and hold that the failure to provide a complete address was a defect in the pleadings. TEX. R.CIV.P. 57. However, Cantu cites no supporting

authority. Because TEX.R.CIV.P. 2 limits the scope of those rules to justice, county and district courts in Texas, and the rules governing procedures for license suspension hearings are set out with specificity in the Administrative Code, we

a result, the document request was not received by the proper office within the Department until the five day time limit had expired. Cantu was provided the requested documents two days prior to the administrative hearing.

At the hearing, Cantu objected to the admission of all Department documents on the ground they were not timely produced under Section 159.13(1). The Department contended it was unable to respond within the statutory time limit because the request was improperly addressed and therefore not internally routed to the proper division in a timely manner. The administrative law judge overruled Cantu's objection and admitted the disputed documents. Cantu also lodged a hearsay objection to the Breath Test Technical Supervisor's Affidavit, which was overruled. The administrative law judge considered the evidence and upheld the suspension of Cantu's license. Cantu appealed the administrative suspension to the county court, which found that Cantu's substantial rights had been prejudiced and reversed the decision of the administrative judge.

### Points of Error One and Two

In its first point of error, the Department claims 37 Tex.Admin.Code § 17.16, which provides a specific address for service of discovery requests, was properly promulgated and has the force of law. Cantu concedes that the rule was properly promulgated, therefore we do not address the Department's first point of error.

In point of error two, the Department challenges the county court's finding that Cantu's substantial rights were prejudiced. Cantu claimed to the county court that the Notice of Hearing letter was deceptive in failing to provide the appropriate mailing address.[2] Once the Department amended its administrative rule, Cantu claimed, it should have changed the address on all future hearing notices, and its failure to do so misled him into a "hearing by am-

see no reason to deviate from the administrative rules.

bush." In reversing the administrative order of suspension, the county court apparently agreed.

Section 2001.174 of the Administrative Procedure Act sets forth the standard for judicial review of state agency action. Tex. Gov't Code Ann. § 2001.174 (Vernon 1996). The statute provides in pertinent part as follows:

... a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but:

(1) may affirm the agency decision in whole or in part; and

(2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(A) in violation of a constitutional or statutory provision;

(B) in excess of the agency's statutory authority;

(C) made through unlawful procedure;

(D) affected by other error of law;

(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Id.* Thus, to reverse an agency decision, the reviewing court must conclude (1) that the agency's decision was erroneous for one of the reasons enumerated in subsections (A) through (F), *and* (2) that substantial rights of the appellant have thereby been prejudiced.

It is undisputed that Cantu failed to direct his discovery request to the proper address specified in the statute. It is also undisputed that the statute was properly promulgated and was binding upon Cantu. Consequently, Cantu failed to establish that the administrative judge's decision to admit the Depart-

**2.** The letter did contain a toll-free phone number for information concerning the hearing procedures. Cantu could have determined the proper address by calling this number.

ment's documents was in error for any of the reasons enumerated in Section 2001.174(2)(A)—(F), and thereby failed to meet the first prong of the analysis required for reversal. Moreover, assuming the address contained in the Notice of Hearing letter was deceptive and misled Cantu into a "hearing by ambush" as he claims, Cantu failed to establish that the alleged deception prejudiced his substantial rights. Cantu could have avoided any alleged surprise or trial by ambush by simply requesting a continuance of the hearing pursuant to Section 159.11(e) of the Administrative Code.[3] By failing to avail himself of this avenue for relief, Cantu cannot complain on appeal that his substantial rights were prejudiced. We find that Cantu failed to establish the statutory requirements necessary for reversal of the administrative judge's decision, and therefore the trial court erred in reversing his administrative suspension.

### Point of Error Three

■ In point of error three, the Department challenges Cantu's contention that his substantial rights were prejudiced by the administrative judge's decision to allow inadmissible hearsay in the form of the Breath Test Technical Supervisor's Affidavit. Cantu claimed the Affidavit was hearsay because it failed to state that the breath test technical supervisor was present when the test was administered to Cantu. However, Section 524.038 of the Transportation Code, which controls the admissibility of the Affidavit, provides a statutory exception to the hearsay rule, and does not require the presence of the supervisor when the test is administered. TEX.TRANSP.CODE ANN. § 524.038 (Vernon Supp.1997). The statute provides for the admissibility of the Affidavit as follows:

(a) The reliability of an instrument used to take or analyze a specimen of a person's breath to determine alcohol concentration and the validity of the results of the analysis *may be attested to in a proceeding under this subchapter by affidavit from the certified breath test technical supervisor* responsible for maintaining and directing the operation of breath test instruments in compliance with department rule.

(b) An affidavit submitted under Subsection (a) must contain statements on:

(1) the reliability of the instrument and the analytical results; and

(2) compliance with state law in the administration of the program.

(d) An affidavit from a person whose presence is timely requested under this section is inadmissible if the person fails to appear at the hearing without a showing of good cause. Otherwise, *an affidavit under this section may be submitted in lieu of an appearance at the hearing by the* breath test operator, *breath test technical supervisor,* or expert witness.

*Id.* (emphasis added).

The Breath Test Technical Supervisor's Affidavit submitted to the administrative judge in the present case complied with the statute in all respects. Cantu does not contest the applicability of the statute or the Affidavit's compliance therewith. In fact, Cantu fails to address the statute altogether in responding to the Department's point of error. We find that the Affidavit was properly entered into evidence and Cantu's substantial rights could not have been prejudiced by its admission.

We find that the trial court erred in concluding that Cantu's substantial rights were prejudiced, and thus erred in reversing the decision of the administrative judge. Accordingly, we reverse the order of the county court and reinstate the administrative law judge's suspension order.

---

**3.** In his brief, Cantu claims that by receiving the documents only two days before the hearing he was precluded by the statute from requesting a continuance. Cantu relies upon subsection (b) of Section 159.11, which provides that *"the department* shall continue a hearing once, if the department receives a request for a continuance from the defendant no later than five days before the date of the scheduled hearing."* (emphasis added). But this subsection does not affect the administrative judge's discretion to grant a continuance at any time upon the request of a party. 1 TEX.ADMIN.CODE § 159.11(e). Cantu conceded at oral argument that the statute provided an avenue for relief from the alleged hearing by ambush.