TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

Paul Robert DURAND, Appellee.

No. 03–98–00401–CV.

Court of Appeals of Texas,
Austin.

June 4, 1999.

Kevin M. Givens, Texas Dept. of Public Safety Supervising Atty., ALR Appeals, Carla Elaina Eldred, Texas Dept. of Public Safety, Austin, for appellant.

Annette Chaires, Chaires & Maples, P.C., Austin, for appellee.

Before Chief Justice ABOUSSIE, Justices B.A. SMITH and YEAKEL.

MARILYN ABOUSSIE, Chief Justice.

Appellant Texas Department of Public Safety (the "Department") appeals from a trial court judgment affirming an administrative decision that the Department failed to prove the statutory requirements to authorize it to suspend appellee Paul Robert Durand's driver's license. *See* Tex. Transp. Code Ann. §§ 524.035, .041 (West 1999). We will reverse the trial court order and remand the cause to the agency for proceedings consistent with this opinion.

## BACKGROUND

A State Trooper observed Durand driving dangerously in the early morning hours of June 14, 1997, and initiated a traffic stop. After detecting the odor of alcohol on Durand's breath and observing his slurred speech and bloodshot and watery eyes, the officer asked Durand to perform a series of field sobriety tests. Durand failed to perform the tests satisfactorily, and the officer arrested Durand for driving while intoxicated ("DWI").[1] Durand agreed to take a breath test and registered a 0.110 and 0.103 on the intoxylizer. Because his alcohol concentration exceeded 0.10, Durand's driver's license was automatically suspended. *See* Tex. Transp. Code Ann. §§ 524.011, .012 (West 1999); Tex. Penal Code Ann. § 49.01(2)(B) (West 1994).

Durand requested an administrative hearing to contest the suspension of his driver's license. *See* Tex. Transp. Code Ann. § 524.031 (West 1999). The hearing was originally set for July 17 but was continued until August 5. On July 21, Durand sent a request for production to the Department seeking, among other things, maintenance and repair records for the intoxilyzer used to test his breath specimen. The Department informed Durand that "Rudy Bohac"[2] possessed the records and that arrangements could be made through Bohac to obtain them.

The administrative hearing convened August 5. During the hearing, the Department attempted to introduce an affidavit prepared by Bohac, identified in the affidavit as the custodian of records and technical supervisor for Area 019 of the Texas Breath Alcohol Testing Program. *See* Tex. Transp. Code Ann. § 524.038 (West 1999).[3] The affidavit averred that Officer

---

**1.** Tex. Penal Code Ann. § 49.04 (West 1994 & Supp.1999).

**2.** Bohac is a chemical toxicologist with the Austin Police Department. He is certified by the Department as a technical supervisor for the Texas Breath Alcohol Testing Program.

**3.** The Transportation Code permits a technical supervisor to attest to the reliability of the intoxilyzer and breath test result and provides in part:

(a) The reliability of an instrument used to take or analyze a specimen of a person's breath to determine alcohol concentration and the validity of the results of the analysis may be attested to in a proceeding under this subchapter by affidavit from the certified breath test technical supervisor responsible for maintaining and directing the operation of breath test instruments in compliance with department rule.

(b) An affidavit submitted under Subsection (a) must contain statements on:

(1) the reliability of the instrument and the analytical results; and

Sparks, a certified breath test operator, administered the breath test to Durand on a certified instrument; "the test was administered in compliance with the laws of the State of Texas and Regulations of the Texas Breath Alcohol Testing Program"; the records show that the instrument used to conduct the test "was reliable and in proper working condition at the time of the test"; the test was valid; and the test results disclosing alcohol concentrations of 0.110 and 0.103 were "valid analytical results."

Durand objected to the admissibility of Bohac's affidavit on the basis that the Department never produced the requested maintenance and repair records regarding the intoxilyzer on which Bohac's affidavit appeared to rely. Durand's counsel indicated that she believed that the Department was required to provide the records to her, not simply make them available to her at the price of four dollars per page.[4] The Department pointed out that the records were not in its possession, but rather were in the possession of Bohac, who is employed by the Austin Police Department,[5] and that it gave Durand all the information necessary to obtain the records.

The administrative law judge ("ALJ") decided to continue the hearing so that Durand could request Bohac to appear and testify. Although not entirely clear, it appears from the record that Bohac was to be called to testify regarding the four dollar fee as well as the records and the affidavit, although the ALJ suggested that Durand could issue a subpoena duces tecum to Bohac and "see what would happen, see if he does bring the documents over or if he just says he won't turn them over without the $4–a–page fee."

The hearing continued on September 4, and Bohac appeared to testify. There is no indication in the record that anyone requested that he bring the records at issue, and he did not bring them to the hearing. Bohac testified that he personally inspected the intoxilyzer on June 13 and June 16, 1997, and the instrument was in proper working condition both days. The breath test was administered to Durand on June 14, and Bohac testified that based on his two inspections, it was his opinion that the intoxilyzer was in proper working condition that day. He further testified that he believed the breath test result slip reflected a complete and valid breath test. The Department offered into evidence Bohac's affidavit, and Durand objected that the Department never produced the records on which Bohac's testimony and affidavit appeared to be based, and that Bohac was not physically present when the breath test was administered so he could neither testify nor aver that the test was administered in compliance with state law. The ALJ admitted the affidavit into evidence over Durand's objection, but noted that he believed the objections raised by Durand affected the weight and credibility of the affidavit. The Department then offered into evidence the breath test result slip, Durand again objected, and the ALJ admitted it "with the comments I made a while ago" concerning the weight and credibility of the evidence offered.

Bohac testified on cross-examination that the only documents he relied on in preparing his affidavit were the records from his June 13 and June 16 inspections and the breath test slip. He admitted that he was not present when the test was administered and he did not observe Officer Sparks, who performed the breath

---

(2) compliance with state law in the administration of the program.
Tex. Transp. Code Ann. § 524.038(a), (b) (West 1999).

**4.** *See* 1 Tex. Admin. Code § 159.13(2) (1998) (the Department *shall supply* maintenance or repair records for the instrument used to test

defendant's specimen if such records are requested by defendant) (emphasis added).

**5.** *See* 1 Tex. Admin. Code § 159.13(1) (1998) (any request for production of documents or records not in Department's possession shall be denied).

test, sign the breath test result slip indicating that he had followed all the appropriate instructions in its administration.

Durand argued in closing that the Department failed to establish a proper predicate for the admissibility of the breath test because it presented only Bohac, the technical supervisor, who did not observe Officer Sparks conduct the test and had no specific knowledge that the test was administered in accordance with state law. Durand also urged that Bohac's affidavit was not credible because the Department did not produce the records on which the affidavit was based. The Department replied in rebuttal that Officer Sparks is a certified breath test operator, that no evidence existed that the breath test was improperly conducted, and that evidence existed that the test was administered properly. The ALJ indicated that he would leave the record open for a few days while he reviewed the evidence, then closed the hearing.

In order to sustain a license suspension, the ALJ must find by a preponderance of the evidence at the suspension hearing that: (1) the arresting officer had reasonable suspicion to stop or probable cause to arrest the person; and (2) the person was operating a motor vehicle in a public place with an alcohol concentration of 0.10 or more. *See* Tex. Transp. Code Ann. § 524.035(a) (West 1999). If the ALJ finds in the affirmative on each issue, the suspension is sustained; if the ALJ does not find in the affirmative on each issue, the Department is required to reinstate the person's driver's license. *See id.* §§ 524.035(b),(c). The ALJ's administrative decision in this case ultimately concluded that the Department failed to satisfy the statutory requirements because: "It was not proven [by a preponderance of the evidence] that Defendant was operating a motor vehicle in a public place with an alcohol concentration of 0.10 or greater." The Department appealed the decision to the county court, arguing that the ALJ's decision was arbitrary and capricious and

characterized by an abuse of discretion, and that the administrative order was deficient because it did not set forth the underlying facts supporting the ALJ's finding that the Department did not prove Durand was driving with an alcohol concentration exceeding 0.10. The county court affirmed the ALJ's order, and the Department appealed to this Court.

## DISCUSSION

 In its first issue, the Department contends that the ALJ's finding that it failed to prove by a preponderance of the evidence that Durand was operating a motor vehicle with an alcohol concentration of 0.10 or higher is not supported by substantial evidence, is arbitrary and capricious, and constitutes an abuse of discretion. *See* Tex. Transp. Code Ann. § 524.002 (West 1999) (Administrative Procedure Act, Texas Government Code chapter 2001, applies to license suspension proceedings); Tex. Gov't Code Ann. § 2001.174(2)(E), (F) (West 1999) (reviewing court may reverse administrative decisions that are not supported by substantial evidence or that are arbitrary, capricious, or characterized by abuse of discretion). In a substantial evidence review, the reviewing trial court below and this Court must first determine whether the evidence as a whole is such that reasonable minds could have reached the conclusion the agency must have reached in order to take the disputed action. *See Texas State Bd. of Dental Examiners v. Sizemore,* 759 S.W.2d 114, 116 (Tex.1988). The test is not whether the agency made the correct conclusion, but whether some reasonable basis exists in the record for the agency's action. *See Texas Health Facilities v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446, 452 (Tex.1984). We may not substitute our judgment for that of the agency and may consider only the record on which the agency based its decision. *See Sizemore,* 759 S.W.2d at 116. Furthermore, the reviewing court is prohibited from substituting its judgment as to the weight of

the evidence of questions committed to agency discretion. *See Charter Medical–Dallas, Inc.*, 665 S.W.2d at 452.

The agency's findings, inferences and conclusions are presumed to be supported by substantial evidence, and the appealing party bears the burden of showing a lack of substantial evidence. *See id.* at 453. The appealing party cannot meet this burden merely by showing that the evidence preponderates against the decision. *See id.* at 452. If substantial evidence would support either affirmative or negative findings, the reviewing court must uphold the order, resolving any conflicts in favor of the agency's decision. *See id.* at 453. The sole issue for our substantial evidence review is the ALJ's finding that the Department did not prove that Durand was operating a motor vehicle in a public place with an alcohol concentration of 0.10 or more.[6]

The Department points out that the intoxilyzer record of Durand's breath test, admitted into evidence, showed a blood alcohol concentration of 0.11; that an affidavit from the breath test technical supervisor, admitted into evidence, satisfied the requirements of Transportation Code section 524.038; that the technical supervisor testified under oath that he inspected the intoxilyzer the day before and two days after the breath test was administered to Durand and the instrument was in proper working condition both times; and that it was the technical supervisor's expert opinion that the instrument was working properly when Durand submitted his breath specimen and that the intoxilyzer analysis reflected a complete and valid test. Durand presented no evidence contesting the reliability of the intoxilyzer or the test results, although he is permitted to do so. *See* Tex. Transp. Code Ann. § 524.038(c). The Department argues that the sum of this evidence provided no reasonable basis in the record for the ALJ's finding that the

Department did not prove by a preponderance of the evidence that Durand was driving with a prohibited level of alcohol in his system. We agree.

Although Durand argues that the ALJ's finding is supported by substantial evidence because the Department failed to prove both that the intoxilyzer was reliable and in proper working condition at the time of the test, and that the breath test was administered in compliance with state law, this argument fails. Durand's argument is based on the Department's failure to produce the records on which Bohac's affidavit relied, along with the fact that Bohac was not present when the breath test was administered. He points out that the ALJ stated on the record that these factors would be considered and would affect the weight given to the Department's evidence concerning Durand's alcohol concentration, specifically Bohac's affidavit and the breath test result slip.

The ALJ did not give any reason for his finding that the Department failed to prove Durand was driving with an alcohol concentration exceeding the legal limit. He issued one finding that: "The records described by the technical supervisor as 'inspection records' are maintenance and repair records." This finding is arguably related to the Department's failure to produce the requested records to Durand; the parties disputed whether the inspection records Bohac possessed qualified as "maintenance and repair" records, the terminology used by Durand in his request for production. In any event, the ALJ makes only this finding; he does not elaborate that because the inspection records fit the production request the Department should have produced them and its failure to produce them rendered its evidence unreliable. Assuming that the latter was the ALJ's reasoning, and assuming that the Department's failure to produce the re-

---

**6.** Durand does not contest that the arresting officer had reasonable suspicion to stop him

or probable cause to arrest him.

quested records could be construed as weakening the credibility of its evidence,[7] the only evidence weakened was that part of the technical supervisor's affidavit relating to the reliability of the intoxilyzer. However, the technical supervisor appeared at the hearing and testified, without relying on the records, that he personally inspected the intoxilyzer, that it was in proper working condition before and after Durand's breath test, and it was his opinion that the instrument was in proper working condition when Durand submitted his breath specimen. Accordingly, his testimony established the reliability of the instrument used to test Durand's breath.

■ The affidavit submitted by the technical supervisor averring that the analytical results were reliable and that the breath test program is administered in compliance with state law met the other two statutory requirements of the Transportation Code. *See* Tex. Transp. Code Ann. § 524.038(b)(1), (2). Durand's argument that the affidavit is unreliable because the technical supervisor did not witness Officer Sparks administer the breath test is without merit; there is nothing in the statute requiring the supervisor to be present when the test is administered. *See id.* § 524.038(a)–(d); *Texas Dep't of Pub. Safety v. Cantu,* 944 S.W.2d 493, 496 (Tex.App.—Houston [14th Dist.] 1997, no writ). The statute provides only that the certified breath test technical supervisor may attest to the reliability of the instrument and the validity of the results of the analysis, and that the affidavit must contain statements regarding the reliability of the instrument and the analytical results and compliance with state law in the administration of the *program. See* Tex. Transp. Code Ann. § 524.038(a), (b) (emphasis added). The statute apparently does not require the presence of the breath test technical supervisor at each particular breath test; it requires only

that the technical supervisor attest to compliance with state law in the administration of the Texas Breath Alcohol Testing Program. Accordingly, assuming that the ALJ discounted the credibility of Bohac's affidavit and the weight it should be given because Bohac was not present when the breath test was administered to Durand, it was not reasonable for him to do so.

We sustain the Department's first issue because there is no reasonable basis in the record for the ALJ's finding that the Department failed to prove Durand was operating a motor vehicle with an alcohol concentration of 0.10 or greater. Because the issue is dispositive, we will not address the other two issues raised by the Department.

### CONCLUSION

We reverse the order of the county court at law upholding the administrative decision that the Department is not authorized to suspend Durand's license. We remand to the agency for further proceedings.

---

7. We will not decide whether the Department should have produced the documents as the ALJ made no ruling on this issue and there is no issue before this Court challenging the Department's failure to produce the documents.