Jane Bland, Justice
Michael Gonzalez requested an administrative hearing to contest the suspension *715 of his driver's license by the Department of Public Safety. After the hearing, an administrative law judge ruled that the Department was authorized to suspend Gonzalez's driver's license for 90 days. Gonzalez sought judicial review of the administrative decision. A county court at law reversed that decision on the ground that the administrative law judge erred by granting the Department's oral motion for continuance of the administrative hearing. Because the administrative law judge acted within his discretion in granting the Department's motion for continuance, we reverse the judgment of the county court and render judgment affirming the administrative decision.
BACKGROUND
Gonzalez was arrested for driving while intoxicated. See TEX. PENAL CODE § 49.04. A breath test showed that he had an alcohol concentration of 0.13, above the legal limit. The Department notified him that it intended to suspend his driver's license. See TEX. TRANSP. CODE §§ 524.011 -.015.
Gonzalez requested an administrative hearing to contest the suspension. See TEX. TRANSP. CODE §§ 524.031 -.040. On the scheduled date, the Department announced that it was ready to proceed; however, when Gonzalez objected to the offense report and several other exhibits, the Department moved for a continuance, and it asked for time to produce the correct report. Gonzalez objected because he had requested production of his offense report during pre-trial discovery, and in response, the Department mistakenly produced an offense report relating to another driver. The Department represented that it did not learn of its mistake until the day before the hearing. The Department's motion was neither in writing nor verified.
Gonzalez opposed the Department's motion and moved for dismissal. The administrative law judge granted the Department a continuance and denied Gonzalez's motion to dismiss. At the rescheduled hearing, another administrative law judge heard the evidence and rendered an administrative decision authorizing the Department to suspend Gonzalez's driving privileges for 90 days. See TEX. TRANSP. CODE § 524.022(a)(1).
Gonzalez appealed the administrative decision to the criminal county court at law. See TEX. TRANSP. CODE §§ 524.041 -.044. The county court reversed the administrative decision on the ground that the administrative law judge should have denied the Department's oral request for a continuance, and it entered a dismissal in Gonzalez's favor. The Department appeals the county court's judgment.
DISCUSSION
The Department contends that the county court erred in reversing the administrative decision because the administrative law judge had the discretion to continue the evidentiary hearing. Gonzalez responds that the Department's request for continuance did not comply with the applicable provisions of the Administrative Code governing continuances, and the county court therefore correctly dismissed the Department's case against Gonzalez.
A. Standard of review
With respect to the administrative judge's ruling, Chapter 159 of the Administrative Code provides that the "granting of continuances shall be in the sound discretion of the judge." 1 TEX. ADMIN. CODE § 159.207(c). In reviewing the county court's ruling, we apply the standard set forth in Chapter 2001 of the Government Code. See TEX. TRANSP. CODE § 524.002(b). Under Chapter 2001, the county court was authorized to reverse if Gonzalez's substantial rights were prejudiced because the *716 administrative findings, inferences, conclusions, or decisions were:
(A) in violation of a constitutional or statutory provision;
(B) in excess of the agency's statutory authority;
(C) made through unlawful procedure;
(D) affected by other error of law;
(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
TEX. GOV'T CODE § 2001.174(2) ; see Tex. Dep't of Pub. Safety v. Varme , 262 S.W.3d 34, 38 (Tex. App.-Houston [1st Dist.] 2008, no pet.). These grounds for reversal present questions of law, which we review de novo. Raesner v. Tex. Dep't of Pub. Safety , 982 S.W.2d 131, 132 (Tex. App.-Houston [1st Dist.] 1998, pet. denied).
B. Analysis
The county court ruled that the administrative law judge erred in granting a continuance because the Department did not request one in a written motion supported by an affidavit. The county court did not specify what procedural rule required a written motion and affidavit, but it seems to have relied on the Rules of Civil Procedure. See TEX. R. CIV. P . 251 (no continuance may be granted "except for sufficient cause supported by affidavit"); see also In re T.T. , 39 S.W.3d 355, 361 (Tex. App.-Houston [1st Dist.] 2001, no pet.) (trial court did not abuse its discretion by denying oral motion for continuance).
As the parties correctly observe, however, administrative license-suspension hearings are governed by Chapter 159 of the Administrative Code, and its continuance provisions. See 1 TEX. ADMIN. CODE § 159.1(a) (Chapter 159 applies to administrative license-suspension hearings governed by Chapter 524 of Transportation Code); see also TEX. TRANSP. CODE § 524.002(a) (directing State Office of Administrative Hearings to adopt rules for license-suspension proceedings governed by Chapter 524). Under Chapter 159, an administrative law judge "may grant a continuance on the request of either party," if a party produces documents requested in discovery fewer than 10 days before the hearing. 1 TEX. ADMIN. CODE § 159.151(i). Chapter 159 thus authorizes a trial court to grant a continuance in the circumstances presented by this case.
But the parties dispute whether the request for a continuance must be made in writing. While Chapter 159 does not expressly require a written motion, Gonzalez contends that the language of the relevant administrative rule contemplates one. See id. at § 159.207(c) (providing that failure of requesting party to include certificate of service, certificate of conference, and three alternative dates "may result in denial of the continuance request or subsequent continuance requests"). The Department disagrees with that interpretation and further contends that Chapter 159 incorporates a continuance provision found in Chapter 155 of the Administrative Code that authorizes oral motions for continuance. Id. § 155.307(c) (providing that administrative law judge may grant a motion "presented orally at the proceeding" if the judge "finds good cause has been demonstrated"). The Department contends that the provision providing for oral motions supplements Chapter 159's continuance provisions. See id. § 159.7.
Gonzalez counters that Chapter 159 expressly incorporates by reference the subchapters it takes from Chapter 155, and the listing does not include the subchapter that contains the continuance provision;
*717 thus, Section 155.307(c) cannot be read into Chapter 159. See id. § 159.7(1)-(5). But see Hodge v. Tex. Dep't of Pub. Safety , No. 01-12-00259-CV, 2013 WL 4680378, at *1 (Tex. App.-Houston [1st Dist.] Aug. 29, 2013, no pet.) (mem. op. on reh'g) ("[T]he provisions of Chapter 155, which sets forth general rules governing the procedure for SOAH hearings, apply to an ALR hearing unless they conflict with a specific provision of Chapter 159.").
Regardless of whether Chapter 155's provision governing oral continuances applies, it was within the discretion of the administrative judge to grant the motion. Chapter 159 permits, but does not compel, an administrative law judge to deny an oral motion for continuance. See 1 TEX. ADMIN. CODE § 159.207(c) (providing reasons that administrative judge "may" deny a continuance); see also Patel v. Tex. Dep't of Pub. Safety , 409 S.W.3d 765, 771 (Tex. App.-Houston [1st Dist.] 2013, no pet.) (holding that administrative law judge did not abuse discretion in denying oral motion for continuance given that requesting party failed to submit three alternative dates for hearing). Gonzalez does not cite any authority for the proposition that it is an abuse of discretion to grant an oral motion for continuance, and we doubt that this is so. See Bray v. Miller , 397 S.W.2d 103, 105 (Tex. Civ. App.-Dallas 1965, no writ) (trial court has discretion to grant relief even if motion for continuance does not comply with statute or rule).
Determining whether to grant the Department's motion, given any infirmities, was a matter committed by administrative rule to the judge's "sound discretion." 1 TEX. ADMIN. CODE § 159.207(c). A continuance is expressly contemplated as a response to late production of discovery, at the request of "either party." Id. § 159.151(i). While the administrative judge may have had a basis to deny the Department's motion, he was not compelled to do so by the rules. Accordingly, we hold that the county court erred in impliedly determining that the decision to grant the continuance violated the administrative procedure governing motions for continuance.
Gonzalez also has not shown that the ruling granting a continuance prejudiced his substantial rights. See TEX. GOV'T CODE § 2001.174(2) ; Varme , 262 S.W.3d at 38. Gonzalez does not, for example, assert that the continuance deprived him of evidence or meritorious defenses that he otherwise would have presented. He does not claim that he was prejudiced by the Department's discovery mistake or its late production of the correct offense report. Gonzalez received the wrong offense report nearly two months before the first hearing. In the interim, Gonzalez neither brought the Department's mistake to its attention, nor did he seek relief from the administrative law judge. Gonzalez cannot complain that his substantial rights were prejudiced by a continuance granted to cure a discovery error that could have been remedied pre-trial had Gonzalez requested it. See Raesner , 982 S.W.2d at 133.
Because the record does not show that Gonzalez's substantial rights were prejudiced by the ruling granting an oral motion for continuance, the county court erred in reversing the administrative decision. See, e.g. , Tex. Dep't of Pub. Safety v. Cortinas , 996 S.W.2d 885, 889 (Tex. App.-Houston [14th Dist.] 1998, no pet.) (rejecting county court's reversal of administrative order sustaining suspension of license based on arresting officer's failure to timely comply with directive to send notice to Department, because delay did not prejudice driver's substantial rights).
CONCLUSION
We reverse the judgment of the county court and render judgment affirming the *718 administrative decision authorizing suspension of Gonzalez's driving privileges.