

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00162-CV

**TEXAS DEPARTMENT OF PUBLIC SAFETY**,
Appellant

v.

Martha Theresa **ZABROKY**,
Appellee

From the County Court at Law, Kerr County, Texas
Trial Court No. 21716C
Honorable Susan Harris, Judge Presiding

Opinion by:   Lori I. Valenzuela, Justice

Sitting:       Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: January 11, 2023

REVERSED AND RENDERED

The Texas Department of Public Safety (the "Department") appeals from the county court's order reversing an administrative decision to suspend Martha Theresa Zabroky's driving privileges. We reverse the county court's order and render judgment affirming the administrative decision.

## BACKGROUND

On August 24, 2019, Zabroky was arrested for driving while intoxicated, her driver's license was confiscated, and a Notice of Suspension of her driving privileges was issued. On

August 30, 2019, Zabroky served the Department with a Request for Telephonic Hearing before an administrative law judge and a Request for Production of Documents for the hearing. On February 19, 2020, the Department issued a notice setting a May 6, 2020 hearing before an administrative law judge. On December 3, 2021, Zabroky filed a Motion to Dismiss for Want of Prosecution. Almost a week later, the Department finally responded to Zabroky's discovery request. The case was eventually heard on December 14, 2021 at a telephonic hearing before an administrative law judge. During the hearing, Zabroky urged her motion to dismiss arguing the Department failed to prosecute the case for over two and one-half years and failed to timely respond to her discovery request. The Department contended the State Office of Administrative Hearings ("SOAH") continued the case because of the COVID pandemic and the Department does not determine when cases are set. The trial court denied Zabroky's motion to dismiss and heard the case on the merits. On December 16, 2021, the judge signed an Administrative Decision, which stated, in part, as follows: "The single continuance in this matter was initiated by SOAH in response to the COVID-19 pandemic. Defendant [Zabroky] has been authorized to drive while the case was pending, so Defendant has not been unduly prejudiced by the delay. For these reasons, Defendant's motion [to dismiss] was denied." Furthermore, based on the following findings, the administrative judge authorized the Department to suspend Zabroky's driving privileges for ninety days:

1. On August 24, 2019, there was reasonable suspicion to stop or detain Defendant in that a certified peace officer was dispatched to a minor traffic collision involving Defendant, in the area of 425 Water St, Kerrville, Kerr County, Texas.

2. On the same date, probable cause to arrest Defendant existed in that there was probable cause to believe Defendant was operating a motor vehicle in a public place while intoxicated, because in addition to the facts in No. 1, Defendant had the odor of alcoholic beverage emitting from her breath and person; had bloodshot eyes; had difficulty speaking and slurred speech; and had swaying balance. Defendant exhibited six clues of intoxication during the Horizontal Gaze Nystagmus test, five clues of intoxication during the walk and turn test, and two clues of intoxication during the one leg stand test.

3. Defendant was properly asked to submit a specimen [sic] breath or blood.
4. Defendant was operating a motor vehicle in a public place in Kerr County, Texas, with an alcohol concentration of 0.08 grams or greater of alcohol per 210 liters of breath.

Zabroky timely appealed the order to the county court and the matter was heard on February 14, 2022 at a bench trial. On February 15, 2022, the trial court reversed the administrative decision and ordered that the Department "shall not suspend Zabroky's driver's license . . ., or, otherwise, shall reinstate said license if it has been suspended." This appeal by the Department ensued.

## ANALYSIS

In an appeal from an agency's final order, both the trial court and this court must review the agency's decision under the "substantial evidence" rule codified in section 2001.174 of the Administrative Procedure Act (the "APA"). Under this rule, we must reverse or remand an agency decision "if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:"

(A) in violation of a constitutional or statutory provision;
(B) in excess of the agency's statutory authority;
(C) made through unlawful procedure;
(D) affected by other error of law;
(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

TEX. GOV'T CODE § 2001.174(2).

On appeal, the Department asserts Zabroky's substantial rights were not prejudiced because she retained her driving privileges until the administrative decision was issued. Zabroky counters that the question is not whether her rights were prejudiced before the administrative decision was rendered but, rather, whether they were prejudiced because the decision, findings, or conclusions were inaccurate or inappropriate for any of the reasons set forth in section

2011.174(2)(A-F). Zabroky contends the administrative judge's decision to deny the motion to dismiss prejudiced her substantial rights because "it was in violation of statute, arbitrary or capricious, an abuse of discretion, [a] clearly unwarranted exercise of discretion, and/or unsupported by substantial evidence." We focus our analysis on only the issue of whether Zabroky's substantial rights were prejudiced by the failure to grant the motion to dismiss because that issue is dispositive.

Under Section 2001.174(2), one of the conditions that must be satisfied is that the agency's challenged "findings, inferences, conclusions, or decisions" must prejudice Zabroky's substantial rights. *See Dyer v. Tex. Comm'n on Envtl. Quality*, 646 S.W.3d 498, 514 (Tex. 2022). Therefore, even if we were to conclude the administrative judge erred by denying Zabroky's motion to dismiss for want of prosecution under subsections A through F of section 2001.174(2), we must also determine whether her substantial rights were prejudiced by the decision. Zabroky had the burden on this issue. *See Tex. Dep't of Pub. Safety v. Gonzalez*, 555 S.W.3d 714, 717 (Tex. App.—Houston [1st Dist.] 2018, no pet.) ("Gonzalez also has not shown that the ruling granting a continuance prejudiced his substantial rights."); *Lone Star R.V. Sales, Inc. v. Motor Vehicle Bd. of the Tex. Dep't of Transp.*, 49 S.W.3d 492, 500 (Tex. App.—Austin 2001, no pet.) ("Even if we were to find, however, that the Board engaged in an unlawful procedure, the task at hand is to determine whether Lone Star's substantial rights were prejudiced by the Board's consideration of the exceptions."); *Tex. Dep't of Pub. Safety v. Cortinas*, 996 S.W.2d 885, 889-90 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (concluding arresting officer's failure to timely comply with directive to send notice to the Department did not prejudice driver's substantial rights and Department's failure to show compliance or to produce criminal complaint at administrative hearing did not substantially prejudice driver's rights); *Tex. Dep't of Pub. Safety v. Cantu*, 944 S.W.2d 493, 496 (Tex. App.—Houston [14th Dist.] 1997, no writ) ("Moreover, assuming the

address contained in the Notice of Hearing letter was deceptive and misled Cantu into a 'hearing by ambush' as he claims, Cantu failed to establish that the alleged deception prejudiced his substantial rights."); *United Sav. Ass'n of Tex. v. Vandygriff*, 594 S.W.2d 163, 172 (Tex. Civ. App.—Austin 1980, writ ref'd n.r.e.) ("We construe this to mean that, in order to complain, United Savings must show some right that is subjected to harm because of the agency's action.").

In her petition for appeal from the administrative decision, Zabroky made no substantive argument, but merely quoted from section 2001.174(2). At the hearing before the county court on her petition, Zabroky's counsel stated he was "not really arguing whether there was reasonable suspicion to detain Ms. Zabroky or probable cause to arrest." Instead, Zabroky focused solely on the administrative judge's refusal to dismiss the case for want of prosecution and the Department's delay in responding to discovery. Counsel argued as follows:

> The only other thing under the rules which I mentioned at the end of the petition under grounds for appeal, is that the Court would have to think – would have to find that a substantial right was prejudiced. And we think that exists here. I mean, not only, you know, was this matter – would it have been a dispositive matter, but, you know, we believe that due process is implicated, due course of law is implicated.
>
> Ms. Zabroky's just, you know, right to a – her right to her day in court is implicated. . . .

Zabroky did not testify at the hearing before the county court. Neither at the hearing before the county court nor on appeal to this court, does she explain how she was prejudiced by the delay, how her due process rights were violated, or how she was denied her right to her day in court. Therefore, we conclude Zabroky did not satisfy her burden to show her substantial rights were prejudiced. *See Gonzalez*, 555 S.W.3d at 717 (concluding record did not show Gonzalez's substantial rights were prejudiced by the ruling granting an oral motion for continuance and county court erred in reversing the administrative decision because "Gonzalez [did] not, for example, assert that the continuance deprived him of evidence or meritorious defenses that he otherwise

would have presented. He [did] not claim that he was prejudiced by the Department's discovery mistake or its late production of the correct offense report. . . . In the interim, Gonzalez neither brought the Department's mistake to its attention, nor did he seek relief from the administrative law judge. Gonzalez cannot complain that his substantial rights were prejudiced by a continuance granted to cure a discovery error that could have been remedied pre-trial had Gonzalez requested it."); *Lone Star R.V. Sales*, 49 S.W.3d at 500 ("Lone Star does not point to a single argument that it was not permitted to fully make either in its own exceptions or in argument to the Board. Finding that the purpose of the rules—to ensure a fair, just, and effective adjudication of the parties' rights—was served, and that no prejudice to Lone Star's substantial rights occurred, we overrule its first three issues."); *Vandygriff*, 594 S.W.2d at 172 ("United Savings has shown no harm to itself by the delay of one year. The decision to allow the name change will not be influenced by the decision to make it effective one year from rendition of the order. . . . Even if the Commissioner exceeded his statutory authority, we find no substantial rights of United Savings prejudiced by the Commissioner's delay of the effective date of the order.").

## CONCLUSION

We reverse the county court's February 15, 2022 Order that reversed the administrative decision and render judgment affirming the December 16, 2021 Administrative Decision authorizing suspension of Zabroky's driving privileges.

Lori I. Valenzuela, Justice