**Reversed and Rendered and Memorandum Opinion filed January 11, 2024.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-22-00757-CV**

---

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant**

**V.**

**JEFFREY ALLEN SOTO, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 11**
**Harris County, Texas**
**Trial Court Cause No. 2403935Y**

---

## MEMORANDUM OPINION

The Texas Department of Public Safety (the "Department") appeals from an order reversing a decision by an administrative law judge (the "ALJ") of the State Office of Administrative Hearings (the "SOAH") authorizing the suspension of Appellee Jeffrey Allen Soto's driver's license. We reverse and render.

### BACKGROUND

On April 19, 2022, Officer Skero initiated a traffic stop after she observed

Soto driving 62 miles per hour in a 35 miles per hour zone. As she was speaking to Soto, Officer Skero noticed several signs of intoxication. Soto admitted to consuming alcohol before driving. Officer Skero requested back up and Officer Broadus responded to the scene and was tasked with the responsibility to complete the investigation. Soto voluntarily submitted to Officer Broadus conducting standardized field sobriety tests. Based on his observations, Officer Broadus "believe[d] that probable cause existed that Soto was operating a motor vehicle, in a public place and while intoxicated." Soto was arrested. At the jail, Officer Broadus "requested Soto voluntarily provide a specimen of his breath and Soto refused." Officer Broadus issued Soto a notice of suspension (1) informing Soto that the Department would suspend his driver's license because of his refusal to provide a breath specimen, and (2) providing instructions regarding how to request a hearing to contest the suspension.

On April 27, 2022, Soto filed a request for an in-person hearing to contest his driver's license suspension. On May 2, 2022, the Department issued a notice that an in-person hearing was scheduled for June 5, 2022. On June 3, 2022, the ALJ issued an order converting the hearing to a Zoom videoconference and providing the following instruction: "If you wish to have an in-person hearing, you must file a written objection to a videoconferencing hearing and show good cause as to why the use of remote technologies is not feasible or in the interest of justice." On June 28, 2022, Soto filed an objection to his in-person license suspension hearing being conducted via Zoom because this (1) "violates the Defendant's constitutional right to confront and cross examine his accusers", and (2) violates "the consent requirements of Rule 159.209(a) and Rule 159.211(c)(3) of the Texas Administrative Code." The next day, the ALJ issued an order overruling Soto's objection on efficiency grounds. The suspension hearing was

held via Zoom on July 5, 2022. Two days later, the ALJ signed an order authorizing the Department to suspend Soto's driving privileges for 180 days.

Soto appealed the order to the county criminal court at law (the "trial court"), arguing that the suspension hearing "was conducted in violation of Rule 159.209(a) and Rule 159.211(c)(3) of the Texas Administrative Code." The trial court held a hearing on October 7, 2022. After hearing arguments from the parties and reviewing the administrative hearing record, the trial court signed an order of remand in which it (1) found that the ALJ's order authorizing the suspension of Soto's driver's license was "in contravention to Rule 159.209(a) . . . of the Texas Administrative Code requiring the consent of all the parties before a video conference hearing may take place"; and (2) vacated and remanded the cause to the SOAH "with instructions for an 'In-Person' Hearing to be conducted in accordance with Rule 159.209(a)." The Department filed a timely notice of appeal.

## ANALYSIS

The Department contends the trial court erred by vacating the ALJ's suspension decision and remanding the cause for an in-person hearing because Soto did not state how any alleged error in not having an in-person hearing prejudiced his substantial rights.

## I. Standard of Review and Applicable Law

The Government Code provides the standard for judicial review of the suspension order. *See* Tex. Gov't Code Ann. § 2001.174; Tex. Transp. Code Ann. §§ 524.002, 724.047; *Tex. Dep't of Pub. Safety v. Gonzalez*, 555 S.W.3d 714, 715 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *Phillips v. Tex. Dep't of Pub. Safety*, 362 S.W.3d 252, 255 (Tex. App.—Beaumont 2012, no pet.); *Tex. Dep't of Pub. Safety v. Cantu*, 944 S.W.2d 493, 495 (Tex. App.—Houston [14th Dist.]

1997, no writ). Section 2001.174 provides in pertinent part:

> [A] court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but:
>
> (1) may affirm the agency decision in whole or in part; and
>
> (2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
>> (A) in violation of a constitutional or statutory provision;
>>
>> (B) in excess of the agency's statutory authority;
>>
>> (C) made through unlawful procedure;
>>
>> (D) affected by other error of law;
>>
>> (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
>>
>> (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Tex. Gov't Code Ann. § 2001.174; *Phillips*, 362 S.W.3d at 255; *Cantu*, 944 S.W.2d at 495. The grounds for reversal present questions of law, which we review *de novo*. *See Gonzalez*, 555 S.W.3d at 716; *Phillips*, 362 S.W.3d at 255.

"Thus, to reverse an agency decision, the reviewing court must conclude (1) that the agency's decision was erroneous for one of the reasons enumerated in subsections (A) through (F), *and* (2) that substantial rights of the appellant have thereby been prejudiced." *Cantu*, 944 S.W.2d at 495 (emphasis in original); *see also Gonzalez*, 555 S.W.3d at 717; *Tex. Dep't of Pub. Safety v. Turcios*, No. 13-14-00332-CV, 2016 WL 3225491, at *3 (Tex. App.—Corpus Christi June 9, 2016, no pet.) (mem. op.). The burden is on the appellant in the trial court to prove that the administrative decision should be reversed. *See Turcios*, 2016 WL 3225491, at *3; *see also Gonzalez*, 555 S.W.3d at 717; *Cantu*, 944 S.W.2d at 495-96.

4

Section 159.209 of the Texas Administrative Code provides, as relevant here:

> The judge may, with consent of the parties and if SOAH has been notified of a telephone or videoconference hearing request at least 14 days prior to the hearing date, conduct all or part of the hearing on the merits by telephone or videoconference if each participant in the hearing has an opportunity to participate in and hear the entire proceeding. The judge may conduct all or part of a hearing on preliminary matters by telephone or videoconference, on the judge's own motion, if each participant has an opportunity to participate in and hear the entire proceeding.

Tex. Admin. Code Ann. § 159.209(a).

## II.  Application

The Department argues that the trial court should not have remanded the cause for an in-person hearing because (1) even though neither Soto nor the Department consented to a videoconference hearing as required by section 159.209(a), Soto failed to present evidence that his substantial rights were prejudiced by not having an in-person hearing and the record shows Soto's rights were not prejudiced as he fully participated in the administrative hearing; and (2) there is no constitutional right to confront witnesses in a civil proceeding and Soto did not meet his burden to show his substantial rights were prejudiced by any alleged constitutional violation.

### A.     Error

We first address whether the ALJ's decision was erroneous for one of the reasons enumerated in subsections (A) through (F) of Government Code section 2001.174(2).  In his petition of appeal, Soto argued the trial court should "reverse and rescind" the ALJ's suspension order "because the July 5, 2022 Video Conference Hearing took place without the consent of and over the objection of the

Petitioner in violation of Rule 159.209(a) and Rule 159.211(c)(3) of the Texas Administrative Code." Soto did not mention in his petition that the ALJ's decision violated a constitutional right. Moreover, at the hearing, Soto argued that the ALJ's decision to hold a videoconference hearing without the parties' consent and over his objection violated two statutory provisions (sections 159.209(a) and 159.211(c)(3) of the Administrative Code) and, therefore, was erroneous under subsection (A).[1]

Although Soto seemingly raised a Sixth Amendment Confrontation Clause complaint in his objection to the ALJ not holding an in-person hearing, he did not argue in the trial court that his constitutional right to confrontation was violated. But even if Soto had presented an argument resting on the Sixth Amendment Confrontation Clause, such an argument would fail because there is no constitutional right to confront witnesses in a civil proceeding and an administrative license suspension hearing is a civil proceeding. *See Hodge v. Tex. Dep't of Pub. Safety*, No. 01-12-00259-CV, 2013 WL 4680378, at *3 (Tex. App.—Houston [1st Dist.] Aug. 29, 2013, no pet.) (mem. op. on reh'g).

However, Soto argued in the trial court that the ALJ's decision violated Administrative Code sections 159.209(a) and 159.211(c)(3) because the parties did not consent to a videoconference hearing. The Department acknowledges that neither party consented to foregoing an in-person hearing. The trial court determined that holding a videoconference hearing without both parties' consent was a violation of Administrative Code section 159.209(a).[2] We agree with the

---

[1] Soto also mentioned that the ALJ's decision was erroneous under subsections (B) and (C) because, by holding a videoconference hearing without his consent in violation of sections 159.209(a) and 159.211(c)(3), the decision was also "in excess of the agency's statutory authority" and "made through unlawful procedure." The trial court found that the ALJ's decision was erroneous only under subsection (A).

[2] The trial court determined that holding a videoconference hearing without the parties'

trial court's determination that holding a videoconference hearing without both parties' consent and despite Soto's objection was erroneous. As set out above, section 159.209(a) allows for a videoconference hearing only "with consent of the parties." *See* Tex. Admin. Code Ann. § 159.209(a).

## B.    Prejudice

But as the Department correctly states in its brief and as it argued below, to reverse the ALJ's decision, Soto was also required to show that his substantial rights were prejudiced because of the ALJ's error. *See Turcios*, 2016 WL 3225491, at *3; *see also Gonzalez*, 555 S.W.3d at 717; *Cantu*, 944 S.W.2d at 495.

In that regard, the Department contends that Soto failed to show that not holding an in-person hearing prejudiced his substantial rights because "Soto's counsel fully participated in the proceeding including objecting to the Department's evidence and questioning his subpoenaed witness." Soto counters that the "use of videoconference technology in this instance impaired Soto's ability to fully participate in the hearing, thus prejudicing his substantial rights" because (1) his counsel, Julie Jones, twice briefly lost connection; (2) Soto's witness, Officer Broadus, once indicated he had trouble hearing Jones's question; (3) Jones dropped off the videoconference completely and, when she reconnected, she was driving and had to pull over; and (4) the Department's counsel had to reconnect once during the hearing.

The record shows that the ALJ could not hear Jones's objection to the admission of the Department's exhibits at the beginning of the hearing, but Jones repeated her objection and the ALJ heard it and ruled on it. Before Jones started her direct-examination of Officer Broadus, the Department's counsel asked "to

consent did not violate Administrative Code section 159.211(c)(3). The parties, however, do not present any argument with regard to that determination.

7

switch how I'm connected to you all" so as to not "interrupt his testimony." The hearing was momentarily paused, the Department's counsel reconnected to the hearing on a different device, and counsel had no connection issues for the remainder of the hearing. During Officer Broadus's direct-examination, Jones briefly lost connection and the ALJ asked Jones to re-ask her question, which she did, and Officer Broadus responded. And one other time, Officer Broadus asked Jones to repeat a question because he had difficulty hearing it, she repeated her question, and the officer responded. After Jones completed questioning the witness, she stated, "[t]at's all I have" and the ALJ proceeded to explain to Officer Broadus that he was entitled to a witness fee. When the ALJ asked Jones if she knew where Officer Broadus was located so she could send him the witness fee, Jones had apparently started driving in her car, had lost connection, had to reconnect, and had to pull over to continue with the hearing. Jones then confirmed she knew where she needed to send the fee, stated she had no other evidence to present, and gave a one-sentence response to the Department's closing argument.

We cannot conclude that under the circumstances here the lack of an in-person hearing and any minor technical difficulties associated therewith prejudiced Soto's substantial rights. There is no evidence that any technical difficulties affected Soto's ability to fully participate through his attorney in the suspension hearing.

The record shows that Jones had the opportunity to make objections and, in fact, objected to the admission of the Department's exhibits. She called Officer Broadus as a witness who appeared at the hearing because she subpoenaed him. Jones chose to conduct a short direct-examination of Officer Broadus. One of the few questions Jones posed was, "what drew your attention to Mr. Soto", to which Officer Broadus replied that he actually was summoned to the scene because Soto

8

showed signs of intoxication. Jones then asked, "So you have no testimony as to the driving facts?" When Officer Broadus replied, "I do not," Jones only inquired whether Soto was still in his vehicle when Officer Broadus encountered him, was able "to produce his driver's license", and was able to follow Officer Broadus's commands. Jones then stated, "That's all I have, Judge." Thus, Jones asked her sole witness all the questions she intended.

When the ALJ released Officer Broadus, Jones stated she had no other evidence to present in support of Soto. After the Department made its closing argument, Jones responded with the following argument: "I would ask you to find no affirmative finding based on insufficient evidence of the traffic stop." Based on her questioning of Officer Broadus and her very brief closing statement, it seems Jones wanted to challenge Soto's traffic stop; but for that she should have subpoenaed Officer Skero instead. Officer Skero had knowledge and could have testified about the traffic stop because she was the one who initiated it and was on the scene until Officer Broadus arrived. There is no evidence that this apparent omission had anything to do with the hearing not being held in person. Jones fully participated and represented Soto in the hearing as she deemed fit, and there is no evidence that she would have done anything more, better, or differently in this case had the hearing been conducted in person. Nor has Soto pointed us to any evidence from which we could determine that his substantial rights were prejudiced because the ALJ held a videoconference hearing in violation of a statutory provision.

Accordingly, we conclude that Soto's substantial rights were not prejudiced by the ALJ's erroneous decision to hold a videoconference hearing without the parties' consent in violation of Administrative Code section 159.209(a), and we sustain the Department's issue.

9

## CONCLUSION

We reverse the trial court's order and render judgment affirming the administrative decision authorizing suspension of Soto's driving privileges.

/s/ Meagan Hassan
Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.